Rutledge Construction Co., et al. *v.* P. U. C.

Argued April 4, 1973, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Joseph J. Laws,* with him *J. Scott Calkins,* for plaintiffs.

*Philip P. Kalodner,* Counsel, with him *Larry Gesoff,* Assistant Counsel, for defendant.

OPINION BY JUDGE CRUMLISH, JR., June 7, 1973:

The matter before this Court is the disposition of the Defendant's (Commission) Preliminary Objections to the Complaint in Equity.

On March 8, 1971, the defendant Pennsylvania Public Utility Commission, instituted upon its own motion, an investigation into the adequacy of gas supplies in the Commonwealth of Pennsylvania. A copy of the order initiating the investigation was served on all gas distribution utilities subject to its jurisdiction and was published on March 20, 1971, in 1 Pa. B. 1063. Notice of hearing and the changed dates were published on April 10, 1971, in 1 Pa. B. 1151. The hearings were held in Philadelphia on May 26 and 27, 1971, in Pittsburgh on June 2 and 3, 1971, and in Harrisburg on June 9 and 10, 1971, the dates set forth in the notice of April 10, 1971. Additional hearings were also held in Harrisburg on July 29 and 30, 1971.

After the hearings, briefs were filed and oral argument was heard by the Commission. On February 1, 1972, it promulgated an order which discussed the gas supply situation in the Commonwealth and, among other things, prohibited new sales of gas by public utilities under its jurisdiction, unless either (a) gas supplies exceed demand through 1976, or (b) any new services rendered are curtailable upon twenty-four hours notice.

That order was published in its entirety on February 19, 1972, 2 Pa. B. 258 and was served on all gas distribution utilities and all other parties subject to the Commission's jurisdiction. The order also provided that exceptions should be filed within thirty days so that the Commission would be helped to determine whether ". . . any further or additional order is necessary or appropriate."

On March 18, 1972, the Pennsylvania Builders Association, Inc., on behalf of its members, including all the plaintiffs herein, filed exceptions to the February 1 order. The Commission set the matter for hearings, which were held on May 16 and September 14 and 15, 1972. Oral argument was held November 20, 1972, and on March 12, 1973 it issued an order which permitted new one- and two-family homes to utilize gas to the extent that pre-existing homes using gas are demolished, abandoned or converted to another energy source.

On October 10, 1972, during the pendency of the exception proceedings, the Plaintiffs filed the instant complaint seeking to restrain and enjoin the Commission from enforcing its order of February 1, 1972, and seeking an order by this Court directing the Commission to rescind its February 1 order.

The Commission has filed Preliminary Objections to Plaintiffs' Complaint arguing generally that the facts alleged by the Complaint are not sufficient to invoke our equity powers.

We agree and sustain the Preliminary Objections.

Section 1111 of the Public Utility Law, Act of May 28, 1937, P. L. 1053, as amended, 66 P.S. §1441 provides that: "No injunction shall issue modifying, suspending, staying, or annulling any order of the commission, or of a commissioner, except in a proceeding questioning the jurisdiction of the commission, and then only after cause shown upon a hearing."

Plaintiffs in this case superficially raise the question of the Commission's jurisdiction, and then turn to what they believe are procedural and substantive deficiencies in the hearing procedure and the resulting order. However, Section 1111 clearly defines this Court's power vis-a-vis injunctive proceedings which limits our review to jurisdictional questions, and this is the only relevant part of Plaintiffs' argument.

The Public Utility Commission is vested with the power through Section 901 of the Public Utility Law to adopt appropriate regulations ". . . as may be necessary or proper in the exercise of its powers or for the performance of its duties under this act." (66 P.S. §1341). Pursuant to this power, the Commission initiated the hearings on the adequacy of the gas supplies in the Commonwealth, and published the order here in question.

The Plaintiffs' Complaint does not seriously question the Commission's jurisdiction over the subject matter, that is its regulation of gas supply in the Commonwealth. What it does is to allege, among other things, (1) abuse of the Commission's discretionary power; (2) lack of notice to the public; (3) that the order is based on speculative and conjectural evidence; and (4) that the order is unconstitutional. Clearly, these do not relate to the Commission's jurisdiction which is really the only issue relevant herein.

Plaintiffs should take their only available appropriate administrative steps.

They sought leave to file exceptions to the order of February 1, 1972 and on March 12, 1973, the Commission issued a modified order. If Plaintiffs, then or now, feel aggrieved and being refused gas service, a complaint can be filed. If the Commission then, after notice and hearings, upholds its refusal of services, Plaintiffs may appeal here challenging the validity of the Commission's conduct. To pass upon the issues

raised by the Plaintiffs in their Complaint at this time and in this posture would abridge not only Section 1111 but also the adequate administrative remedies which are available to them.

### ORDER

AND NOW, this 7th day of June, 1973, the Preliminary Objections of the Pennsylvania Utility Commission to the Plaintiffs' Complaint in Equity are hereby sustained.