Commonwealth of Pennsylvania, for Itself and on Behalf of its Citizens and Residents, Plaintiff, *v.* Duquesne Light Company, Defendant.

Argued September 9, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Philip P. Kalodner,* Special Assistant Attorney General, with him *Gerry J. Elman,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for plaintiff.

*Charles E. Thomas,* with him *Jack F. Aschinger, Carroll F. Purdy,* and *Metzger, Hafer, Keefer, Thomas and Wood,* for defendant.

OPINION BY JUDGE ROGERS, October 22, 1975:

The Commonwealth of Pennsylvania, for itself and on behalf of its citizens and residents of the State, has filed its complaint in equity against Duquesne Light Company seeking an injunction restraining the defendant from collecting payment for electric service to the Commonwealth or other customers in excess of a rate set forth in a Supplement No. 14 allowed by the Pennsylvania Public Utility Commission (Commission) and effective August 21, 1974.

The plaintiff filed a motion for preliminary injunction which, after hearing, we denied.

The defendant has now filed preliminary objections which, after argument, are before us for disposition. The objections consist of a petition raising a question of jurisdiction, a motion to dismiss for failure to exhaust a statutory remedy, a demurrer, a petition raising the question of the nonjoinder of an indispensible party, and a petition questioning the plaintiff's capacity to sue on behalf of its citizens and residents. We have concluded that this Court has no jurisdiction in equity to review the Commission's action and we therefore sustain the preliminary objections first mentioned.

The facts of this case and the contentions of the Commonwealth here made are substantively identical to those of *Commonwealth v. Metropolitan Edison Company*, 18 Pa. Commonwealth Ct. 606, 336 A.2d 917 (1975). We there affirmed a decree of the Court of Common Pleas of Berk's County refusing a preliminary injunction based on the lower court's conclusion that it had no jurisdiction in equity to originally adjudicate a matter of utility rates. Duquesne Light Company here filed three separate tariff Supplements numbered 15, 16 and 17 providing increases over the rates allowed by Supplement No. 14 in the amounts, respectively, of $28,832,276, $33,078,721 and $18,680,611. All three Supplements were to be effective on January 26, 1975. The Commission ordered an investigation of all three Supplements, suspended Supplements Nos. 16 and 17 but took no action concerning Supplement No. 15 which became effective. The Commonwealth seeks to enjoin the collection of charges under the unsuspended Supplement No. 15. The plaintiff states where a public utility files two or more tariff schedules to become effective as to the same customers on the same day, and the Commission orders suspension of the higher tariff or tariffs, the statutory language and policy of the Public Utility Law, Act of May 28, 1937, P.L. 1053, *as amended*, 66 P.S. §1101, exclude the use of the lower tariff or tariffs as the basis of collection by the utility pending final action by the Commission with regard to the suspended tariff or tariffs. The Commonwealth's thesis is developed primarily from Sections 308 (a) and (b) and 310 of the Public Utility Law, 66 P.S. §§1148 (a) and (b) and 1150. In short, the plaintiff is attacking the practice of utilities in filing more than one Supplement providing for different rates but with the same proposed effective date and the action of the Commission in suspending less than all of such Supplements. The complaint raises no question as to the jurisdiction of the Commission; it is based entirely on provisions of the Public Utility Law which the plaintiff

urges should be construed in a fashion which would compel the conclusion that in such circumstances the unsuspended tariff schedule is a nullity.

We see no reason to enlarge on the following from Judge WILKINSON'S opinion in *Commonwealth v. Metropolitan Edison Company, supra*:

"The statutory law is about as clear as the English language could make it:

'No injunction shall issue modifying, suspending, staying, or annulling any order of the commission, or of a commissioner, except in a proceeding questioning the jurisdiction of the commission, and then only after cause shown upon a hearing.' Section 1111 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, as amended, 66 P.S. §1441 (Supp. 1974-1975).

"This provision applies to the original jurisdiction of this Court as set forth in Judge CRUMLISH'S recent opinion in Rutledge Construction Co. v. Public Utility Commission, 9 Pa. Commonwealth Ct. 375, 305 A.2d 788 (1973). In that instance, it was the Public Utility Commission properly invoking the provisions of the statute.

"Decisional law is equally clear:

'Although we still possess the right of judicial scrutiny over the acts of the PUC, no principle has become more firmly established in Pennsylvania law than that the courts will not originally adjudicate matters within the jurisdiction of the PUC. Initial jurisdiction in matters concerning the relationship between public utilities and the public is in the PUC—not in the courts. It has been so held involving rates, service, rules of service, extension, and expansion, hazard to public safety due to use of utility facilities, installation of utility facilities, location of utility facilities, obtaining, alerting, dissolving, abandoning, selling or trans-

ferring any right, power, privilege, service, franchise or property and rights to serve particular territory.' Lansdale Borough v. Philadelphia Electric Company, 403 Pa. 647, 650-51, 170 A.2d 565, 566-67 (1961) (footnotes omitted).

"With the recent opinion of Justice POMEROY in Akron Borough v. Pennsylvania Public Utility Commission, 453 Pa. 554, 310 A.2d 271 (1973), our Supreme Court has taken a narrow view of the language of Section 1111, equating its limited authority to grant injunctions in a proceeding questioning the jurisdiction of the Commission to the power to issue a writ of prohibition.

"Finally, appellant asserts the authority of the Attorney General under the provisions of Section 904 of the Public Utility Law, 66 P.S. §1344:

" 'Enforcement proceedings by Attorney General:

" 'The Attorney General, in addition to the exercise of the powers and duties now conferred upon him by law, shall also, upon request of the commission, or upon his own motion, proceed in the name of the Commonwealth, by mandamus, injunction, or quo warranto, or other appropriate remedy at law or in equity, to restrain violations of the provisions of this act, or of the regulations or orders of the commission, or the judgments, orders, or decrees of any court, or to enforce obedience thereto.'

"Appellant does not cite a case, nor have we found one, that holds this Section to be a vehicle to challenge the Commission's authority in a tariff-making process. To so interpret it would put it in direct conflict with Section 1111." *Commonwealth v. Metropolitan Edison Company*, 18 Pa. Commonwealth Ct. at 610, 11, 336 A.2d at 919-20.

In short, the Legislature has decided that the judiciary should not interfere by injunction with orders of the Com-

mission where the latter's jurisdiction is not questioned. The Commonwealth has filed a complaint with the Commission in the instant proceedings which we understand raises the questions as raised here, which, if it chooses to appeal, we will then consider.[1]

ORDER

AND NOW, this 22nd day of October, 1975, the prayer of the defendant's preliminary objection in the nature of a petition raising this Court's jurisdiction in equity is granted and the complaint herein is dismissed.

---

1. In *Commonwealth v. Metropolitan Edison Company, supra,* the Commonwealth filed a petition to suspend the unsuspended Supplement, the prayer of which the Commission denied. The Commonwealth's petition to file an interlocutory appeal from the Commission's order to this Court at No. 1661 C.D. 1974, was denied as having been untimely filed.