366 A.2d 242

**COMMONWEALTH of Pennsylvania for itself and on Behalf of its CITIZENS AND RESIDENTS, Appellant,**

**v.**

**DUQUESNE LIGHT COMPANY, a Pennsylvania Corporation, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 20, 1976.

Decided Nov. 24, 1976.

416 

Robert P. Kane, Atty. Gen., Gerry J. Elman, Deputy Atty. Gen., Harrisburg, for appellant.

Charles E. Thomas, Jack F. Aschinger, Carroll F. Purdy, Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

OPINION OF THE COURT

MANDERINO, Justice.

This is an appeal from a final decree of the Commonwealth Court which dismissed a complaint filed by the Commonwealth of Pennsylvania. This complaint sought an injunction restraining appellee, Duquesne Light Company, from collecting allegedly illegal rates for electric service furnished to the Commonwealth of Pennsylvania and other customers of the appellee.

The appellee filed preliminary objections challenging the equity jurisdiction of the Commonwealth Court. The parties then filed a stipulation of facts. Subsequently, the Commonwealth Court refused to issue a preliminary injunction, and sustained the appellee's preliminary objections resulting in the dismissal of the complaint. *Commonwealth v. Duquesne Light Company,* 21 Pa. Cmwlth. 395, 346 A.2d 369 (1975).

According to the Commonwealth Court it was prohibited from issuing the requested injunction because of Section 1111 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, as amended, 66 P.S. § 1441 (Supp.1974–75). (The Act of October 7, 1976 (P.L. ——, No. 215, formerly Senate Bill 1216, amending various portions of the Public Utility Law, does not affect this decision.) That section provides:

"No injunction shall issue modifying, suspending, staying, or annulling any order of the [Public Utility Commission] . . . except in a proceeding questioning the jurisdiction of the [Public Utility Commission], and then only after cause shown upon a hearing."

Appellant contends that the injunctive relief sought, if granted, would not affect *an order* of the Public Utility Commission, and thus the Commonwealth Court improperly granted appellee's preliminary objection.

■ Prior to November 27, 1974, appellee was charging its customers for electric service according to an existing and approved rate schedule referred to as Supplement 14. On November 27, 1974, appellee filed with the Public Utility Commission three proposed rate schedules (referred to as Supplement 15, Supplement 16, and Supplement 17). Each of these three supplements proposed rates higher than Supplement 14, but each proposed different rates of increase. All three were to become effective on January 26, 1975. Prior to that date the Commission issued two orders simultaneously. One order mandated an investigation as to the fairness, reasonableness, justness, and lawfulness of *all three* tariff supplements and ordered a hearing. The second order issued suspended *two* of the tariff supplements, namely Supplement 16 and Supplement 17, but did not mention Supplement 15.

Since one of the Commission's orders was silent about Supplement 15, the appellant argues that there was no *order* of the Commission concerning Supplement 15, and therefore any injunction issued prohibiting the collection of the rates contained in Supplement 15 would not affect any Commission *order*.

We cannot accept the appellant's reasoning. The Commission simultaneously issued two orders. Read together, these orders make it clear that the Commission planned to investigate all *three supplements,* but was suspending *only two supplements.* The necessary inference is that the Commission intended that the rates of Supplement 15 would be collected pending its investigation. (Under the law the Commission had the authority to order refunds or adjustments if the rates collected pursuant to Supplement 15 were later disapproved. See Section 313 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, as amended, 66 P.S. § 1153.) This becomes absolutely clear upon examination of the minutes of the official action taken by the Public Utility Commis-

sion at its meeting prior to the issuance of the two orders. At that meeting a motion was approved which specifically stated " . . . that Supplement No. 15 . . . be permitted to become effective as filed; that Supplements No. 16 and No. 17 . . . be suspended . . . and that the necessary orders be prepared."

The injunction sought by appellant would have prohibited the appellee from collecting the rates contained in Supplement 15. Had the injunction issued, the collection of the rates contained in Supplement 15 would have been suspended pending the completion of hearings by the Commission. This is exactly what the Commission declined to do when it issued its two orders concerning *all three supplements*. An injunction would have thus modified a Commission order and would have violated the anti-injunction statute.

The appellant has also argued that the collection of rates specified in Supplement 15 pending the Commission's investigation is a violation of the Public Utility Law, and that therefore the appellant, through the Attorney General, has the authority to seek an injunction under Section 904, 66 P.S. § 1344, which provides:

"The Attorney General, in addition to the exercise of the powers and duties now conferred upon him by law, shall also, upon request of the commission, or upon his own motion, proceed in the name of the Commonwealth, by mandamus, injunction, or quo warranto, or other appropriate remedy at law or in equity, to restrain violations of the provisions of this act, or of the regulations or orders of the commission, or the judgments, orders, or decrees of any court, or to enforce obedience thereto."

Again we do not agree. Although the above quoted section gives the Attorney General authority to enforce the Public Utility Law, and to aid the Commission in enforcing its orders, it must be read in conjunction with

the limitation expressed in Section 1111, 66 P.S. § 1441. As previously quoted, that section states:

> "*No injunction* shall issue modifying, suspending, staying or annulling *any order* of the commission, or of a commissioner, except in a proceeding questioning the jurisdiction of the commission, and then only after cause shown upon a hearing." (Emphasis added.)

Read in the light of Section 1111, it is clear that Section 904 does not grant the Attorney General the authority to collaterally attack an order of the Commission by seeking an injunction altering the actions of the Commission. We therefore conclude that the Commonwealth Court properly sustained the appellee's preliminary objection and dismissed the complaint.

██ Since the filing of this appeal, the Commission has approved a temporary rate schedule for the appellee pursuant to Section 310 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, as amended, 66 P.S. § 1150, which order in effect superseded the order being challenged in this appeal. The appellee is now collecting charges pursuant to the temporary rate order and not under the unsuspended Supplement 15. The appellee thus argues that the question raised here is moot.

In considering the issue of mootness, we are not unmindful of the position of the Pennsylvania Public Utility Commission with respect to the servicing companies and the consuming public. The Commission has an ongoing duty to protect the public from unreasonable rates while insuring that public utility companies are permitted to charge rates sufficient to cover their costs and provide a reasonable rate of return. This position, in effect, will often require the Commission to render a decision in a very short period of time. See Section 308(b), 66 P.S. § 1148(b), expired October 26, 1975, which imposes a maximum suspension period of nine months for proposed tariff supplements. If we were to

conclude that the present issue is moot, it might never be subject to review by this Court. The issue in this case is capable of repetition, yet evading review. *See e. g., Weist v. Mt. Lebanon School District,* 457 Pa. 166, 320 A.2d 362 (1974). For these reasons we conclude that the adoption of the temporary rates does not render the issue of the lawfulness of collections under the unsuspended tariff Supplement 15 moot.

The decree of the Commonwealth Court is affirmed. Each party to pay own costs.

NIX, J., did not participate in the consideration or decision of this case.