IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis McKeithan                          :
                                          :
        v.                                : No. 133 C.D. 2017
                                          : Submitted:  September 8, 2017
Michael Clark, Superintendent of the      :
State Correctional Institution –          :
Albion, Dr. Michael Boggio, Medical       :
Director                                  :
                                          :
Appeal of:  Michael Clark,                :
Superintendent, SCI-Albion, and           :
Dr. Jose Boggio, Medical Director         :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: October 2, 2017


        Michael Clark, Superintendent of the State Correctional Institution –
Albion (SCI-Albion), and Dr. Jose Boggio,[1] former Medical Director of SCI-
Albion (collectively, Respondents), appeal from the orders of the Court of
Common Pleas of Erie County (trial court) granting Dennis McKeithan's
(Petitioner) emergency petition for injunctive relief because Respondents failed to
have him adequately examined and promptly treated for a medical condition

---

[1] The caption incorrectly lists Dr. Jose Boggio as "Dr. Michael Boggio."

commonly known as "Shingles" occurring on the right side of his face and near his right eye.

**I.**

In September 2016, Petitioner, a resident of the Restricted Housing Unit at SCI-Albion, woke up and "[h]is face was swollen to the extreme, his skin had busted open, and the skin was off his face. His face was now the pink under skin. His right eye was swollen completely closed, and the skin all around his eye was busted open. His nose on the right inside bridge was swollen, bruised." (Record (R.) Item No. 6, Petition for Writ of Habeas Corpus.) As a result of this obvious and severe rash and swollen eye, after a nurse looked at Petitioner through his cell window, he was sent to the emergency room where he was then diagnosed with Shingles. Although the hospital provided Petitioner with a topical ointment before he returned to SCI-Albion, the provided amount only lasted eight days and was never refilled.

In the following months, Petitioner continued to request further examination and treatment as the rash and pain persisted. Notwithstanding, Dr. Boggio, a new physician at the prison, repeatedly told him that nothing was wrong and there was no treatment for Shingles. A physician's assistant prescribed an antidepressant for Petitioner, which was later discontinued. The only medical examinations conducted for Petitioner were done by peering through the window of his cell door. Despite persistent complaints of face and eye pain and a continuing rash, he was never given an eye examination.

2

On January 4, 2017, Petitioner filed a Petition for Writ of Habeas Corpus[2] alleging cruel and unusual conditions of confinement for which he sought emergency injunctive relief because Respondents failed to provide adequate treatment for his Shingles occurring on the right side of his face and near his right eye as well as other medical claims that are not part of this appeal. Given the severity of Petitioner's alleged medical condition and to ensure that his eye sight was not at risk, on January 10, 2017, the trial court ordered that Respondents "show cause why the Petitioner is not entitled to the relief requested. The Respondents shall appear and the Superintendent shall produce the Petitioner at a hearing scheduled for JANUARY 17, 2017. . . ." (Trial Court's Order dated January 10, 2017.)[3]

On January 18, 2017, after both Petitioner and Dr. Boggio testified, the trial court found that Petitioner was not being adequately treated at SCI-Albion and ordered that he be examined by both an independent doctor of internal

---

[2] The writ of habeas corpus "lies to correct void or illegal sentences or an illegal detention, or where the record shows a trial or sentence or plea so fundamentally unfair as to amount to a denial of due process or other constitutional rights, or where for other reasons the interests of justice imperatively required it." *Commonwealth ex rel. Butler v. Rundle*, 180 A.2d 923, 924 (Pa. 1962). In *Commonwealth ex rel. Bryant v. Hendrick*, 280 A.2d 110 (Pa. 1971), our Supreme Court extended the writ's scope to allow it to be employed to secure relief from prison conditions constituting cruel and unusual punishment. *Id.* at 112-13.

[3] In response to the trial court's January 10, 2017 Order, Respondents filed, *inter alia*, a motion for continuance but, as the trial court points out in its 1925(a) Opinion, failed to serve that motion upon the trial court. (*See* R.R. at 59, 228.) Accordingly, because the trial court was never served with Respondents' request for continuance, it did not consider that motion for continuance.

medicine and an independent ophthalmologist outside the confines of the prison. As pertinent, the trial court explained:

> At the very least, Petitioner needed an in-person examination by a qualified doctor and ophthalmologist to preclude the possibility that Petitioner's virus was not causing permanent facial nerve or eye damage. Consequently, this Court ordered that Petitioner be examined by an internist and an ophthalmologist, to insure no permanent eye damage was occurring and to inquire about possible palliative treatment for a painful condition.

(Reproduced Record (R.R.) at 229.)

Following the trial court's order, Respondents had Petitioner examined by both an independent doctor of internal medicine and an independent ophthalmologist so as "to avoid a finding of contempt." (Respondents' Brief at 13.) Notwithstanding Respondents' compliance with the trial court's order, this interlocutory[4] appeal followed.

## II.

On appeal, Respondents admit to already complying with the trial court's order, yet ask us to review the merits of their appeal because they contend that the trial court erred when bypassing Dr. Boggio's medical determination that Petitioner was sufficiently diagnosed and treated for Shingles occurring on the

---

[4] *See* Pa. R.A.P. 311(a)(4).

4

right side of his face and near his right eye. According to Respondents, so long as they provided Petitioner with "some sort of treatment," then the trial court could not find that he made out a claim of deliberate indifference.

However, it is well-settled that a trial court may do just that if a prison official such as a doctor has exhibited a "deliberate indifference to serious medical needs of prisoners[, which] constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (internal citations omitted). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend the 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

> To succeed, a claim that prison conditions violate the Eighth Amendment must satisfy both an objective and subjective requirement – the conditions must be "sufficiently serious" from an objective point of view, meaning that they involve denial of the minimum civilized measure of life's necessities, and the plaintiff must demonstrate that prison officials acted subjectively with "deliberate indifference." *Farmer* [*v. Brennan*, 511 U.S. 825, 832 (1994)]; *Rhodes* [*v. Chapman*, 452 U.S. 337, 347 (1981)]. Deliberate indifference exists if an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

*Neely v. Department of Corrections*, 838 A.2d 16, 20 n.6 (Pa. Cmwlth. 2003).

5

What Respondents are actually contending is that the trial court abused its discretion in finding that deliberate indifference was made out because Petitioner received inadequate medical care.

Before we can reach the merits, because Respondents have already complied with the order, we must first consider whether this appeal is moot. A case is moot where there is no actual case or controversy in existence at all stages of the controversy. *Pap's A.M. v. City of Erie*, 812 A.2d 591, 599 (Pa. 2002). Although we generally will not decide moot cases, exceptions are made when (1) the conduct complained of is capable of repetition yet evading review,[5] (2) the matter involves questions important to the public interest, or (3) the matter will cause one party to suffer some detriment without the Court's decision. *Clinkscale v. Department of Public Welfare*, 101 A.3d 137, 139 (Pa. Cmwlth. 2014).

Once Respondents complied with the trial court's order and provided Petitioner with both medical examinations, the present case became technically moot. Notwithstanding, Respondents contend that this appeal should fall within the "capable of repetition yet evading review" exception because the trial court's order required Petitioner's treatment within 10 days, which was too short of a time period to be fully litigated. While that may be true, the standard is not whether the facts of a particular case make it difficult to fully litigate the issue to conclusion,

---

[5] To fall within the capable of repetition yet evading review exception, two elements must be established: (1) that the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration, and (2) that there is a reasonable expectation that the complaining party will be subjected to the same action again. *Philadelphia Public School Notebook v. School District of Philadelphia*, 49 A.3d 445, 449 (Pa. Cmwlth. 2012).

6

but whether the issue, in general, is capable of repetition but will always escape review. While the trial court ordered treatment within a 10-day time period, a trial court could find that the care given was tantamount to deliberate indifference but requires continuing treatment, which could be litigated to conclusion and would also allow time for appellate review.

In the alternative, Respondents also assert that this appeal should fall within the "public interest" exception because the public has a significant interest in the medical care being provided to inmates, the cost of that care, and in what circumstances an inmate should be referred to an outside provider. Yet, "the appellate courts of this jurisdiction have infrequently invoked the great public importance exception to the mootness doctrine." *In re Gross*, 382 A.2d 116, 122 (Pa. 1978). While the public, like all governmental expenditures, has an interest in the cost of care given to prisoners, the challenge here does not fall within the public interest exception. This case involves whether the trial court properly ordered an outside provider to examine a particular prisoner with a particular condition. Unlike cases where the exception has applied, here, addressing the merits will only determine whether the trial court abused its discretion in this particular case. *See, e.g., Jersey Shore Area School District v. Jersey Shore Education Association*, 548 A.2d 1202 (Pa. 1988) (involving legality of teachers' strike); *In re General Election, November 8, 1988*, 560 A.2d 260 (Pa. Cmwlth. 1989) (involving over 4,700 voter registration applications mailed after deadline). Just because the government has to spend funds in a particular instance does not mean that it automatically falls within the public interest exception.

Accordingly, because Respondents' appeal is moot, we do not reach the underlying merits of this appeal.[6]

_____
DAN PELLEGRINI, Senior Judge

---

[6] Because of the manner in which we have disposed of this appeal, we do not reach the remaining issues raised by Respondents.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis McKeithan :
:
:
v. : No. 133 C.D. 2017
:
Michael Clark, Superintendent of the :
State Correctional Institution – :
Albion, Dr. Michael Boggio, Medical :
Director :
:
Appeal of: Michael Clark, :
Superintendent, SCI-Albion, and :
Dr. Jose Boggio, Medical Director :

# **O R D E R**

AND NOW, this 2<u>nd</u> day of <u>October</u>, 2017, it is hereby ordered that Respondents' appeal is dismissed as moot.

_____
DAN PELLEGRINI, Senior Judge