# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dena Driscoll and Jake Liefer,     :
            Appellants     :
                               :
         v.                   :     No. 124 C.D. 2018
                               :     Argued: November 15, 2018
Zoning Board of Adjustment      :
of The City of Philadelphia       :
and City of Philadelphia         :
and City of Philadelphia Police   :
Fire Auto Repair               :
and Philadelphia Sign Company   :
and Bayberry Media New York, LLC   :

**BEFORE:**   **HONORABLE P. KEVIN BROBSON, Judge**
                  **HONORABLE MICHAEL H. WOJCIK, Judge**
                  **HONORABLE ELLEN CEISLER, Judge**

**OPINION BY JUDGE BROBSON**       **FILED: December 27, 2018**

Dena Driscoll and Jake Liefer (Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (common pleas), dated December 28, 2017. The order granted a motion to quash filed by the Zoning Board of Adjustment of the City of Philadelphia (ZBA), the City of Philadelphia (City), the City of Philadelphia Police Fire Auto Repair, Philadelphia Sign Company, and Bayberry Media New York, LLC (Bayberry) (collectively, Appellees), and dismissed Appellants' appeal from the ZBA's decision as moot. We now affirm.

This matter involves the Philadelphia Department of Licenses and Inspections' (L&I) issuance of a permit (Permit) for the erection of a non-accessory sign on property located at 1100 Wharton Street, Philadelphia, Pennsylvania (the

Property).  (Original Record (O.R.), Item No. 9 at 2-3.)  The Property is owned by the City, and the Philadelphia Parking Authority (PPA) is the leaseholder of the Property.  (*Id.* at 3.)  Prior to the issuance of the Permit, PPA and Bayberry entered into a contract, allowing Bayberry to place a non-accessory sign on the Property.  (*Id.*)  Philadelphia Sign Company applied for the Permit on behalf of Bayberry.  (*Id.*)  L&I issued the permit pursuant to Philadelphia Zoning Code Section 14-905(15) (Ordinance).  (*Id.*)  Appellants in this matter then filed an Application for Appeal to the ZBA, challenging the issuance of the Permit.  (O.R., Item No. 7 at 57.)  The ZBA conducted a public hearing on the appeal.  (*Id.* at 7-50.)  At the hearing, Appellants argued, *inter alia*, that the Ordinance under which the ZBA issued the Permit is unfinished, defective, and in conflict with other sections of the Philadelphia Zoning Code.  (*Id*. at 3.)

> The Ordinance provisions at issue provide:
>
> (a) **Purpose.**
>
> The sign requirements of this subsection (15) are intended to balance the public interest in maintaining a safe and attractive City; the interests of businesses and other entities in promoting their products, services and ideas; and the interests of the City and other governmental bodies in communicating public service and emergency messages on a city-wide basis through an integrated network of signage on municipal property.
>
> (b) **Applicability.**
>
> The provisions of this subsection (15) apply to all municipal property, defined as any land, building, or structure (i) that is owned by the City; or (ii) in which the City possesses rights sufficient to permit it to authorize the placement of a non-accessory sign on such land, building, or structure for six months or more.

2

(c) **Non-Accessory Signs on Municipal Property.**

No prohibition or regulation of non-accessory signs set forth in this Title shall apply to municipal property. In the event of any conflict between any provision of this subsection (15) and any other provision of this Zoning Code, the provisions of this subsection (15) shall control.

(d) **Requirements.**

The following requirements shall apply to any sign located on municipal property.

(.1) Maximum Size.

Reserved.

(.2) Maximum Height.

Reserved.

(.3) Sign Faces.

Reserved.

(.4) Embellishments.

Reserved.

(.5) Spacing.

Reserved.

(.6) Prohibited Locations.

Reserved.

Phila., Pa., Zoning Code §14-905(15)(a)-(d) (2018).

After the conclusion of the hearing, the ZBA issued a decision denying the appeal. (O.R., Item No. 7 at 6.) In coming to its decision, the ZBA set forth a number of conclusions of law, including:

4. The Board acknowledges that validity challenges are not within its purview but notes that zoning ordinances are presumed to be valid and it is the challenger who bears the burden of proving invalidity. *See, e.g., Southeastern Chester County Refuse Authority v. Zoning Hearing Bd. of London Grove Twp.*, 898 A.2d 680 (Pa. Cmwlth. 2006)[, *appeal denied*, 921 A.2d 499 (Pa. 2007)].

5. [Counsel for Appellants] cited no authority supporting his arguments that failure to include specific size requirements, conflict with other Code sections, and/or the alleged failure to meet goals stated in the legislation's cover sheet are sufficient to invalidate the ordinance.

(O.R., Item No. 7 at 6.)

On May 24, 2017, Appellants appealed the decision of the ZBA to common pleas. (O.R., Item No. 2.) Bayberry, on October 25, 2017, sent a request to L&I, seeking to withdraw and abandon the Permit. (O.R., Item No. 9 at 13.) PPA also joined in this request.[1] (*Id*. at 16.) Thereafter, Bayberry filed a motion to quash Appellants' appeal, arguing that the appeal was moot because the Permit had been abandoned. (*Id*. at 1-7.) By order dated December 28, 2017, common pleas granted Bayberry's motion to quash the appeal. (O.R., Item No. 13.) In its opinion in support of the order, common pleas explained the grounds for its decision to grant the motion to quash. (O.R., Item No. 15.) Common pleas determined that the appeal was moot because the City and Bayberry abandoned the Permit. (*Id*. at 4.) Further, common pleas did not find that the matter at the focus of the appeal is one of public importance or one that would evade judicial review, such that common pleas could review the issues presented in the appeal regardless of mootness. (*Id*. at 5.) Appellants now appeal to this Court. (O.R., Item No. 14.)

On appeal,[2] Appellants argue that common pleas committed an error of law or abused its discretion by dismissing the appeal as moot, because the underlying

---

[1] Though the record does not indicate whether L&I accepted Bayberry's and PPA's request to withdraw and abandon the Permit, common pleas appears to have accepted that the Permit was withdrawn, and the parties do not dispute this on appeal.

[2] "This Court's standard of review of the trial court's order granting a motion to quash [an] appeal is limited to [determining] whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights." *Alma v. Moore Cty. Bd. of Assessment Appeals*, 83 A.3d 1121, 1123 n.3 (Pa. Cmwlth. 2014) (quoting *Ray v. Brookville Area Sch.*

4

issues are of public importance and are likely to recur but will evade judicial review. Appellants also advance a second argument relating to the merits of the appeal, in which Appellants contend: (1) the Ordinance should not be enforced because it is incomplete, conflicts with other sections of the Philadelphia Zoning Code, violates the rules of statutory construction, and is an example of spot zoning; (2) the Permit issued under the Ordinance was improper because, in order to receive a permit for erecting a sign, applicants must apply for a variance, which requires a showing of hardship, and, here, Appellees could not have proven hardship; and (3) the sign that would have been erected under the Permit is against public policy.

The doctrine of mootness requires that an actual case or controversy be in existence "at all stages of review, not merely at the time the complaint is filed." *In re Gross*, 382 A.2d 116, 119 (Pa. 1978). This Court has stated that an actual case or controversy is found where the following exist:

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution. A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit. Courts will not enter judgments or decrees to which no effect can be given.

---

*Dist.*, 19 A.3d 29, 31 n.3 (Pa. Cmwlth. 2011)). "Where a trial court takes no additional evidence in an appeal from a decision of the [ZBA], this Court is limited to considering whether the [ZBA] erred as a matter of law or abused its discretion." *German v. Zoning Bd. of Adjustment*, 41 A.3d 947, 949 n.1 (Pa. Cmwlth. 2012). "A [ZBA] abuses its discretion if its findings are not supported by substantial evidence." *Arter v. Phila. Zoning Bd. of Adjustment*, 916 A.2d 1222, 1226 n.9 (Pa. Cmwlth.), *appeal denied*, 934 A.2d 75 (Pa. 2007).

5

*Clinkscale v. Dep't of Pub. Welfare*, 101 A.3d 137, 139 (Pa. Cmwlth. 2014) (quoting *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004)). Our Supreme Court has noted that "a legal question can become moot on appeal as a result of an intervening change in the facts of the case." *In re Gross*, 382 A.2d at 119. Accordingly, in *DeFilippo v. Cranberry Township Board of Supervisors*, 49 A.3d 939 (Pa. Cmwlth. 2012), this Court held that an applicant's decision to develop the property at issue in accordance with a second land use plan rendered moot the challenge to the initial land use plan. *DeFilippo*, 49 A.3d at 943.

There are, however, limited exceptions to the mootness doctrine: "Although we generally will not decide moot cases, exceptions are made when (1) the conduct complained of is capable of repetition yet evading review, or (2) involves questions important to the public interest, or (3) will cause one party to suffer some detriment without the Court's decision." *Clinkscale*, 101 A.3d at 139 (quoting *Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila.*, 49 A.3d 445, 448-49 (Pa. Cmwlth. 2012)). Appellants do not concede that the issues underlying the appeal are moot.[3] Appellants urge, however, that even if a case or controversy no longer exists, exceptions to the mootness doctrine apply such that common pleas could have addressed the merits of the appeal. As noted above, Appellants argue that this case implicates the first two exceptions.

Where the first exception is concerned, an issue is capable of repetition but will likely evade review where "the duration of the challenged action [is] too short to be fully litigated prior to its cessation or expiration; and . . . there is a reasonable expectation that the same complaining party will be subjected to the same

---

[3] Although Appellants do not concede that this matter is moot, Appellants also do not provide an explanation as to why the matter is not moot.

action again." *Clinkscale*, 101 A.3d at 139-140 (alterations in original); *Phila. Pub. Sch. Notebook*, 49 A.3d at 449. One such situation existed in *Philadelphia Public School Notebook*, where this Court found that the issues presented in the case were moot but would evade judicial review in the future.

The action in *Philadelphia Public School Notebook* involved a local news service's request under the Right-to-Know Law (RTKL)[4] to obtain full texts of resolutions discussed at the School District of Philadelphia's School Reform Commission (Commission) planning meetings. The requester regularly attended the Commission's public meetings. After attending one such meeting, requester asked for the documents—*i.e.*, the proposed resolutions—that the Commission discussed at the meeting. The Commission opted to provide, solely, a summary of the proposed resolutions. This prompted the requester to file a RTKL request to obtain the full texts of the proposed resolutions from the public meeting. The School District of Philadelphia (District) denied the request, stating that the full texts of the proposed resolutions were exempt under the RTKL as internal, pre-decisional deliberations, and drafts. Nonetheless, the District provided the requester with the full texts of the proposed resolutions, noting that the resolutions had already been passed. The requester appealed the denial, but the Office of Open Records (OOR) dismissed the appeal as moot because the requester already received the requested resolutions. The requester then appealed to a trial court, which reversed the OOR's decision. The District then appealed to this Court, which affirmed the trial court's decision. In doing so, we held that the time period between the public meeting and the Commission's decision concerning the proposed resolutions is so short that the issue would be moot before it could be litigated. Further, the requester made it clear

---

[4] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

7

that it intended to continue to request resolutions reviewed at these public meetings. The issue was, therefore, likely to recur but evade judicial review.

Where parties may avail themselves of an appeals process, this Court has held that, although the issues underlying the appeal may be likely to recur, the issues are not likely to escape judicial review. *Fraternal Order of Police v. City of Phila.*, 789 A.2d 858, 862 (Pa. Cmwlth. 2002); *see also Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 675 (Pa. Cmwlth. 2000) (holding that issue of whether prisoner mailbox rule applies to *pro se* administrative appeals is not one that is likely to evade judicial review because future parolees may seek resolution of this issue through appeals process before their maximum term expires).

Appellants argue that the underlying issues here are likely to recur yet evade judicial review. The basis of Appellants' argument is that applications for and/or L&I's granting of future permits to erect signs across the City under the Ordinance may go unchallenged, thereby resulting in signs being erected under the Ordinance without judicial review. Appellants posit that individuals with standing may not challenge the applications or sign permits, because they may not become aware of the applications and permits within the applicable time frame. The individuals would, therefore, lose the opportunity to obtain relief. Appellees respond by arguing that, even if the underlying issues recur, the issues are not likely to evade judicial review because aggrieved persons have the opportunity to take advantage of the appeals process through the ZBA. They appear to discount Appellants' concern that persons with standing will not act.

Here, given the nature of this type of action, it is not likely that the case or controversy would expire before it is fully litigated. As alluded to above, the Philadelphia Zoning Code provides an appeals process whereby persons who are

8

aggrieved by any permit may appeal and challenge the granting of that permit.[5] Under these requirements, permits must be posted on the property at issue for 30 days, to ensure that potentially aggrieved parties have notice of the permit. Phila. Pa. Zoning Code § 14-303(6)(f)(.1). When a party challenges a permit, the ZBA must resolve the issues raised in the challenge within a reasonable time. *Id.* § 14-303(15)(a)(.6). This means that the legality of the permit is in question pending the ZBA's disposition—making it unlikely that the legal controversy would expire before aggrieved parties can obtain relief. Appellants may still find themselves in the same situation—*i.e.*, having to challenge a similar type of permit—because the Ordinance is still in place. For the reasons discussed above, however, Appellants failed to establish the requirements of this exception, because the nature of the action is not too short to be fully litigated before the legal controversy expires. Further, there are no facts before the Court today that would establish that challenges to future City-wide permits will evade judicial review.[6] We, therefore, conclude that the underlying issue discussed above is not one that is likely to recur yet evade judicial review. Thus, this particular exception to the mootness doctrine is not applicable.

This Court has noted that the public importance exception is very rarely applied. *Harris v. Rendell*, 982 A.2d 1030, 1037 (Pa. Cmwlth. 2009), *aff'd*, 992 A.2d 121 (Pa. 2010). "It is only in very rare cases where exceptional circumstances exist or where matters or questions of great public importance are

---

[5] Phila. Zoning Code §§ 14-301 to 306 sets forth an exhaustive process for appeals concerning any land use permit.

[6] It appears that Appellants' main concern is that future permit applications for the erection of non-accessory signs on municipal property will be filed and then consistently withdrawn when faced with a challenge. Should such circumstances exist in the future, the Court could reach a different conclusion as to whether there exists an issue that is likely to recur yet evade judicial review. Such a conclusion in the instant matter, however, would be premature.

9

involved, that this [C]ourt ever decides moot questions." *Id.* (quoting *Wortex Mills, Inc. v. Textile Workers Union of Am.*, 85 A.2d 851, 857 (Pa. 1952)).

In *Jersey Shore Area School District v. Jersey Shore Education Association*, 548 A.2d 1202 (Pa. 1988), our Supreme Court was asked to reconcile a provision of the Public Employe Relations Act (PERA),[7] which gave teachers the right to strike, with a provision of the Public School Code of 1949,[8] which requires school districts to provide 180 days of education to pupils. Teachers at a certain public school engaged in a strike after only four days of teaching students. The school district filed for and was granted an injunction ordering the teachers back to work. The Jersey Shore Education Association, which represented the teachers, appealed to this Court. We upheld the injunction on the ground that impeding the school district's ability to schedule 180 days of pupil instruction presented a clear and present danger to the public because it could cause a loss of state subsidies. The Jersey Shore Education Association appealed to the Supreme Court. Due to the fact that the injunction remained in place and the teachers had already returned to the classroom, the Supreme Court addressed the issue of mootness. The Supreme Court determined that, though the appeal was moot, the question of whether "the loss of state educational subsidies for failure of a school district to schedule 180 days of instruction for pupils constitutes 'a clear and present danger or threat to the health, safety or welfare of the public'" was an issue of public importance and could, therefore, be reviewed by the Supreme Court. *Jersey Shore Area Sch. Dist.*, 548 A.2d at 1207.

---

[7] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101-.2301.

[8] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101 to 27-2702.

In *In re General Election, November 8, 1988*, 560 A.2d 260 (Pa. Cmwlth. 1989), this Court was asked to determine whether, "[i]n view of the statute which prohibits voter registration during the thirty-day period preceding each election day, except as to electors unregistered because of circumstances beyond their control," a court may permit certain election officials to register voters who filed untimely registration applications. *In re Gen. Election, Nov. 8, 1988*, 560 A.2d at 261. The election at issue had already passed, and, therefore, this Court had to determine the issue of mootness. Though the issue was technically moot, this Court decided that it was clearly one of public importance due to its possible impact on future elections.

In *Mifflin County School District v. Stewart by Stewart*, 503 A.2d 1012 (Pa. Cmwlth. 1986), this Court considered whether a school district failed to comply with the regulations of the State Board of Education when the school district initially suspended a graduating student for three days, conducted an informal hearing on the third day, and then extended the extension another four days without providing the student with a formal hearing.[9] The student's parents successfully petitioned the common pleas court to have him reinstated and to permit the student to attend his graduation ceremony. The school district appealed to this Court. Although the matter involved in the appeal was then moot, as the student had graduated from high school, this Court determined that the issue was one of public importance due to its potential impact on other students across the Commonwealth.

In *Southeastern Pennsylvania Transportation Authority v. Weiner*, 426 A.2d 191 (Pa. Cmwlth. 1981) (*Weiner*), this Court considered the proper interpretation of the governing statute for Southeastern Pennsylvania Transportation

---

[9] *See* 22 Pa. Code §§ 12.6, 12.8.

Authority (SEPTA) in light of SEPTA's ability to sell transit passes at higher rates that may expose it to future challenges from the public. Though SEPTA had already implemented the new fares at issue in the case, this Court determined that the issues raised were clearly of public importance because of their potential impact on residents in the future.

Appellants argue that because the City has apparent plans to allow other non-accessory signs elsewhere in the City under the Ordinance, the underlying challenge to the Ordinance is one of public importance. Appellants' rationale behind this argument is based on the lack of guidance in the Ordinance concerning size, height, and other requirements for signs that will be erected on municipal property. Appellants contend that, due to this lack of guidance, entities or individuals may erect signs of any nature on municipal property, which could cause communities to become unattractive or blighted. In response, Appellees argue that the underlying issues do not rise to the level of public importance because the public importance exception has been narrowly applied to few cases—*i.e.*, where the interests of life, liberty, or property are at stake.

It is evident that the public importance exception is very rarely applied, and, where it is applied, the cases involve concrete harm to society. The examples noted earlier in this opinion applied the public importance exception to moot issues that concerned the loss of educational subsidies for public schools, impacts on citizens' ability to register to vote, public school students' rights to procedural due process before being suspended for a certain period, and SEPTA's ability to charge citizens higher prices for public transportation. Appellants' supposition that non-accessory signs may at some point cause a community to seem unattractive is not nearly concrete enough to warrant our application of the public importance

12

exception. We, therefore, conclude that the issue of whether L&I may grant a permit for the erection of a non-accessory sign pursuant to the Ordinance, which has reserved requirements for such signs, is not one of sufficient public importance for purposes of triggering an exception to the mootness doctrine.

Appellants' other arguments concern the merits of the underlying appeal. The merits of Appellants' appeal, however, are not properly before this Court. Accordingly, we affirm the order of common pleas.

_____
P. KEVIN BROBSON, Judge

Judges Cohn Jubelirer, McCullough, and Fizzano Cannon did not participate in the decision of this case.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dena Driscoll and Jake Liefer,    :
                 Appellants    :
                          :
        v.             :   No. 124 C.D. 2018
                          :
Zoning Board of Adjustment    :
of The City of Philadelphia     :
and City of Philadelphia       :
and City of Philadelphia Police :
Fire Auto Repair              :
and Philadelphia Sign Company :
and Bayberry Media New York, LLC  :

# **O R D E R**

AND NOW, this 27th day of December, 2018, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

_____

P. KEVIN BROBSON, Judge
