Cecilia **CLINKSCALE**, Petitioner

v.

**DEPARTMENT OF PUBLIC WELFARE**, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 18, 2014.

Decided Oct. 6, 2014.

Cecilia Clinkscale, pro se.

Marisa L. Cohan, Assistant Counsel, Harrisburg, for respondent.

BEFORE: BONNIE BRIGANCE LEADBETTER, Judge, ROBERT SIMPSON, Judge and ANNE E. COVEY, Judge.

OPINION BY Judge COVEY.

Cecilia Clinkscale (Requestor) petitions this Court, pro se, for review of the Office of Open Record's (OOR) November 19, 2013 Final Determination denying Re-

questor's appeal. The sole issue before this Court is whether the OOR erred in not disclosing a record exempt under Section 708 of the Right–to–Know Law (RTKL)[1] when it contained information personal to the Requestor. After review, we affirm.

■ On August 28, 2013, Requestor filed a request under the RTKL with the Department of Public Welfare (DPW) seeking access to her case file located in the Philadelphia County Assistance Office, West District (West District). On October 7, 2013, after DPW extended its deadline to respond pursuant to Section 902 of the RTKL, 65 P.S. § 67.902, it denied the request. DPW advised Requestor that the records are exempt from disclosure under Section 708(b)(28) of the RTKL, as records relating to the application or receipt of social services. DPW also informed Requestor that various state and federal laws prohibited release of the records, and an alternate route may be available to obtain those records. On October 23, 2013, Requestor appealed to the OOR. On November 19, 2013, the OOR denied Requestor's appeal. Requestor appealed to this Court.[2]

■ Initially, DPW maintains that this appeal is moot because Requestor obtained access to the requested records on September 16 and 26, 2013. We will address this issue first since it could be dispositive.

Our Supreme Court has explained that a case is moot if there is no actual case or controversy in existence at all stages of the controversy. *Pap's A.M. v. City of Erie*, 571 Pa. 375, 812 A.2d 591, 599 (2002). In *Mistich v. Pennsylvania Board of Probation and Parole*, 863 A.2d 116, 119 (Pa.Cmwlth.2004), this Court summarized the requirements for an actual case or controversy as follows:

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution. A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit. Courts will not enter judgments or decrees to which no effect can be given.

*Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila. (Notebook)*, 49 A.3d 445, 448 (Pa. Cmwlth.2012). "Although we generally will not decide moot cases, exceptions are made when (1) the conduct complained of is capable of repetition yet evading review, or (2) involves questions important to the public interest, or (3) will cause one party to suffer some detriment without the Court's decision." *Id.* at 448–49 (quoting *Cytemp Specialty Steel Div., Cyclops Corp. v. Pa. Pub. Util. Comm'n*, 128 Pa.Cmwlth. 349, 563 A.2d 593, 596 (1989)). Because Requestor obtained access to her DPW file, the instant case is technically moot. However, we need to determine if one of the exceptions applies.

■ The first exception requires "that the duration of the challenged action [be] too short to be fully litigated prior to its cessation or expiration; and ... that there

1. Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708.

2. "This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary." *Hunsicker v. Pa. State Police*, 93 A.3d 911, 913 n. 7 (Pa. Cmwlth.2014).

is a reasonable expectation that the same complaining party will be subjected to the same action again." *Notebook*, 49 A.3d at 449. On November 29, 2012, Requestor sought access to her DPW file from West District for the purpose of preparing for a hearing before the DPW Bureau of Hearing and Appeals (Bureau) originally scheduled for December 6, 2012. The Bureau hearing was continued numerous times in order for Requestor to obtain her file. The hearing eventually occurred on August 29, 2013. However, Requestor did not gain access to her file until September 16 and 26, 2013. Because another appearance before the Bureau may require another review of her file, and access to her file would most likely not be granted before the hearing, Requestor could reasonably "be subjected to the same action again." *Id.* "We conclude that this is the type of issue that is capable of repetition yet would continue to evade judicial review; therefore, this matter falls within this exception to the mootness doctrine." *Id.* Accordingly, we will address the merits of Requestor's appeal.

■ Requestor first argues that the OOR's strict interpretation of Section 708 of the RTKL in denying her request ignored the fact that its decision violated her constitutional due process rights and right to appeal by preventing Requestor from perfecting her appeal in another matter. Specifically, Requestor asserts that the "RTKL conflicts with constitutional and statutory provisions to which [she] is guaranteed. Hence, any law that conflicts with and[/]or impedes upon the effect of other laws and provisions must be called into question and resolved." Requestor Br. at 13. We disagree.

■ First, "[t]he objective of the RTKL 'is to empower citizens by affording them access to information concerning the activities of their government.'" *Office of*

*Open Records v. Center Twp.*, 95 A.3d 354, 358 (Pa.Cmwlth.2014) (quoting *SWB Yankees LLC v. Wintermantel*, 615 Pa. 640, 45 A.3d 1029, 1042 (2012)). Second, the RTKL is not a mechanism for an individual to access private or nonpublic information; it is a procedure for individuals to access "public records". 65 P.S. § 67.301; Section 302 of the RTKL, 65 P.S. § 67.302. Third, Section 301(a) of the RTKL requires that "[a] Commonwealth agency **shall** provide **public records** in accordance with [the RTKL]." 65 P.S. § 67.301(a) (emphasis added).

Under Section 305 of the RTKL, records in the possession of an agency are presumed 'public' unless they are: (1) **exempted by Section 708 (exceptions) of the RTKL**; (2) protected by privilege; or (3) exempted 'under any other Federal or State law or regulation or judicial order or decree.' 65 P.S. § 67.305. **Exemptions from disclosure must be narrowly construed** due to the RTKL's remedial nature, which is 'designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions.' *Bowling [v. Office of Open Records,]* 990 A.2d [813,] 824 [ (Pa.Cmwlth.2010) (en banc), . . . *aff'd*, 621 Pa. 133, 75 A.3d 453 (2013)].

*Office of Governor v. Scolforo*, 65 A.3d 1095, 1100 (Pa.Cmwlth.2013) (emphasis added).

Section 708(b)(28) of the RTKL exempts the following records from disclosure:

A record or information:

(i) identifying an individual who applies for or receives social services; or

(ii) relating to the following:

(A) the type of social services received by an individual;

(B) an individual's application to receive social services, including a record or information related to an agency decision to grant, deny, reduce or restrict benefits, including a quasi-judicial decision of the agency and the identity of a caregiver or others who provide services to the individual; or

(C) eligibility to receive social services, including the individual's income, assets, physical or mental health, age, disability, family circumstances or record of abuse.

65 P.S. § 67.708(b)(28). Because Requestor's DPW file is exempted by Section 708(b)(28) of the RTKL, it is not a public record.

Requestor asserts that Section 708(b)(28) of the RTKL does not apply because the requested file contains her personal information. However, the RTKL exceptions focus on the character or type of record or information, not on the identity of the requestor. The RTKL exceptions preamble provides that "the following are exempt from access by **a request[o]r** under [the RTKL.]" 65 P.S. § 67.708(b) (emphasis added). The RTKL defines "[r]equest[o]r" as "[a] person that is a legal resident of the United States and requests a record pursuant to [the RTKL]. The term includes an agency." Section 102 of the RTKL, 65 P.S. § 67.102. Therefore, the fact that Requestor is seeking her own file has no bearing on whether the requested records will be disclosed through an RTKL request. *See Hunsicker v. Pa. State Police*, 93 A.3d 911 (Pa.Cmwlth.2014) (wherein requestor was denied access to records concerning her deceased brother notwithstanding her reasons for the request or the fact that portions of the withheld documents were already known to her).

The RTKL makes clear that "[a] Commonwealth agency may not deny a request[o]r access to a public record **due to the intended use of the public record by the request[o]r** unless otherwise provided by law." 65 P.S. § 67.301(b) (emphasis added). In addition, "[u]nder the [RTKL], the right to examine a public record is not based on whether the person requesting the disclosure is affected by the records or if his or her motives are not pure in seeking them, but whether *any* person's rights are fixed." *Weaver v. Dep't of Corr.*, 702 A.2d 370, 371 (Pa. Cmwlth.1997).[3] Moreover,

> [u]nder the RTKL, whether the document is accessible is based only on whether a document is a public record, and if so, whether it falls within an exemption that allows that it not be disclosed. The status of the individual requesting the record and the reason for the request, good or bad, are irrelevant as to whether a document must be made accessible under Section 301(b) [of the RTKL].

*Hunsicker*, 93 A.3d at 913. Therefore, the RTKL must be interpreted and applied without regard to the Requestor's identity beyond meeting the RTKL's requestor definition. Accordingly, the RTKL did not infringe upon Requestor's constitutional or statutory rights, and the OOR acted in accordance with the law.

Finally, Requestor maintains that because other "Courts have held that a [R]equestor of her or his own records should be afforded with the right to review her or his own records under a common-law right to inspect records[,] ... this common-law right ... should be adopted and applied in her case...." Requestor

---

**3.** We recognize that *Weaver* was decided under the former RTKL; however, both versions provide for disclosure of "public records."

*See* Section 2 of the Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. § 66.2, repealed by the Act of February 14, 2008, P.L. 6.

Br. at 13–14. We disagree. "[The Pennsylvania Supreme] Court has held, unequivocally, 'the General Assembly codified and clarified the common law right of public access to public records' when it enacted the [RTKL]." *Uniontown Newspapers, Inc. v. Roberts,* 576 Pa. 231, 839 A.2d 185, 189–90 (2003) (quoting *North Hills News Record v. Town of McCandless,* 555 Pa. 51, 722 A.2d 1037, 1038 (1999)). Accordingly, Requestor has no separate common law action, independent of her RTKL claim. *Id.*

For all of the above-stated reasons, the OOR's Final Determination is affirmed.

### *ORDER*

AND NOW, this 6th day of October, 2014, the Office of Open Record's November 19, 2013 Final Determination is affirmed.