# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,  :
          Petitioner  :
    :
       v.  :  No. 1868 C.D. 2016
    :  Submitted: June 9, 2017
Pennsylvania Department  :
of Corrections,  :
          Respondent  :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT          FILED: October 31, 2017

Alton Brown, *pro se*, petitions for review of an order of the Office of Open Records (OOR) denying his appeal under the Right-to-Know Law (RTKL).[1] In doing so, the OOR affirmed the Department of Corrections' (Department) denial of Brown's right-to-know request because he owed the Department fees on a prior right-to-know request. Brown contends that the declaration of the Department's Open Records Officer that Brown had an outstanding balance was insufficient to support the denial of his appeal because it lacked any supporting documentation. For the reasons that follow, we reverse and remand to the OOR for further proceedings.

Brown is currently incarcerated at the State Correctional Institution at Greene. On August 25, 2016, Brown submitted a right-to-know request to the Department seeking the following information:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

1. Requester's Property Inventory sheet that was completed at SCI-Smithfield as a result of his 5/11/15 transfer to SCI-Greene.

2. The Ramadan Menu that was used for the previous fasting period.

3. All responses to Grievance No. 587402-15, and the grievance and appeals related to same.

4. All E-Mails and "related documents" sent between SCI-Graterford staff members concerning smoking violations at SCI-Graterford from 2000 to 2016 (Management Level Staff), incident reports, disciplinary reports and reports related to staff discipline ("related reports") inter alia.

5. A list containing the names and positions[] and salaries of all SCI-Greene staff including contract medical staff.

Certified Record (C.R.) Item No. 1 at 10.

By letter dated August 26, 2016, the Department's Open Records Officer, Andrew Filkosky, denied Brown's request for the stated reason that Brown had an outstanding balance of $6.32 for records the Department produced in response to a previous right-to-know request. Filkosky provided the following additional reasons for denying Brown's request, which we summarize as follows:

Item No. 1

The records do not currently exist.

Item No. 3

The records fall within the noncriminal investigation exemption of the RTKL; the requested records are exempt under the RTKL because the RTKL excludes records maintained by an agency in connection with law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or a public protection activity; the records fall within the personal security exemption

2

of the RTKL; and the records fall within the category of private or non-public records and [do] not fall under the RTKL.

Item No. 4

The records fall within the personal security exemption of the RTKL; the requested records are exempt under the RTKL because the RTKL excludes records maintained by an agency in connection with law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or a public protection activity; the requested records fall within the criminal investigation exemption of the RTKL; the requested records fall within the noncriminal investigation exemption of the RTKL; the RTKL exempts agency employee records from disclosure; and the records do not currently exist.

Item No. 5

The requested records fall within the personal security exemption of the RTKL; the requested records are exempt under the RTKL because the RTKL excludes records maintained by an agency in connection with law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or a public protection activity; and employees have a constitutional right to privacy which would be violated by the disclosure of their first names.

C.R. Item No. 1 at 6-9.

Brown appealed the Department's response to the OOR. In support of his appeal, Brown included an affidavit stating, *inter alia*, that he had never received a bill from the Department for "$6.32 for documents provided[,]" and the Department never gave him any document presenting an unpaid invoice. C.R. Item No. 1 at 5. Upon receiving Brown's appeal, the OOR invited the parties to supplement the record.

3

The Department submitted a letter in support of its denial of Brown's right-to-know request. The Department attached to its letter a declaration from Filkosky stating, in relevant part:

> 4. Alton Brown, DL4686, was granted records on a RTKL request at docket RTKL 0354-16.
>
> 5. The records for RTKL 0354-16 were copied and prepared for Mr. Brown.
>
> 6. As of the date this declaration is being signed, Mr. Brown has not paid for the records for RTKL 0354-16.
>
> 7. The outstanding balance is $6.32.

C.R. Item No. 3 at 3. Brown did not submit any additional documentation.

On October 21, 2016, the OOR issued its final determination denying Brown's appeal for the sole reason that Brown had an outstanding balance from the prior right-to-know request. The OOR explained that an agency may refuse to process a request for records if the requester has an outstanding balance due for previous right-to-know requests. C.R. Item No. 4 at 2. The OOR concluded, based upon its review of the evidence submitted, that the Department met its burden of proving that Brown had an unpaid balance. *Id.* The OOR did not address the Department's other stated reasons for denying Brown's right-to-know request. Brown petitioned for this Court's review and applied for leave to proceed *in forma pauperis*. On January 5, 2017, this Court granted Brown's application.

On appeal,[2] Brown does not challenge the Department's ability to withhold access to records where the requester owes fees for a previous right-to-know request. Rather, Brown challenges the sufficiency of the evidence the

---

[2] This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

4

Department offered to prove his arrears. To that end, Brown raises two arguments. First, Brown contends that Filkosky's declaration was insufficient because the statements in his affidavit are conclusory and not supported by documentation that the Department has invoiced him. Second, Brown contends that the evidence in the record refutes the Department's assertion that it ever copied or prepared records in response to a previous right-to-know request.

We begin by reviewing the relevant statutory framework. Generally, under the RTKL, records in the possession of an agency "are presumed to be public records, accessible for inspection and copying by anyone requesting them, and must be made available to the requestor unless they fall within specific, enumerated exceptions or are privileged." *Bowling*, 75 A.3d at 457. When an agency receives a written right-to-know request, it follows Sections 901-905 of the RTKL, 65 P.S. §§67.901–67.905, in responding to the request. Specifically, Section 901 of the RTKL sets forth the general rule for an agency response. It states:

> Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, legislative record or financial record and whether the agency has possession, custody or control of the identified record, and to respond as promptly as possible under the circumstances existing at the time of the request. *All applicable fees shall be paid in order to receive access to the record requested.* The time for response shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.

65 P.S. §67.901 (emphasis added). In addition, Section 903 of the RTKL states that, "[i]f an agency's response is a denial of a written request for access, whether in

whole or in part, the denial … shall include … [t]he specific reasons for the denial, including a citation of supporting legal authority….” 65 P.S. §67.903.

With this background, we turn to Brown's first argument. Brown contends that the Department's evidence was insufficient to prove that he owed outstanding fees for a prior right-to-know request. Brown asserts that Filkosky's declaration stated in conclusory fashion that he owed a balance without any supporting facts or documentation. The Department responds that an agency may meet its burden of proof through an unsworn attestation or a sworn affidavit. Thus, Filkosky's declaration established that Brown owed the outstanding fees for a prior right-to-know request.

This Court has held that where a requester owes an agency for the cost of fulfilling a records request, the agency may deny a subsequent request for records until the requester pays the outstanding fees. *See Pennsylvania Department of Transportation v. Drack*, 42 A.3d 355, 363 (Pa. Cmwlth. 2012). An agency asserting unpaid fees as a basis for denying access to records has the burden of proving the requester's indebtedness. *Id.* at 364 (“[T]he RTKL places an evidentiary burden upon agencies seeking to deny access to records….”). “An agency may meet its burden through an unsworn attestation or a sworn affidavit.” *West Chester University of Pennsylvania v. Schackner*, 124 A.3d 382, 393 (Pa. Cmwlth. 2015). However, an open records officer's conclusory and generic declaration is insufficient to satisfy an agency's burden of proof. *See Office of Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (“[A]ffidavits must be detailed, nonconclusory, and submitted in good faith. ... In other words, a generic determination or conclusory statements are not sufficient to justify the exemption of public records.”).

6

Here, the Department denied Brown's right-to-know request, in part, on the basis that he owed an outstanding balance for a prior right-to-know request.[3] In support of its denial, the Department offered a declaration from Filkosky stating that Brown "was granted records" on a prior right-to-know request that "were *copied and prepared*;" "Brown has not paid for the records;" and "[t]he outstanding balance is $6.32." C.R. Item No. 3 at 3 (emphasis added). The declaration does not identify the records "copied and prepared" or the date on which this was done. The declaration is silent as to whether the Department actually made the records available to Brown, as required by Section 701(a) of the RTKL, 65 P.S. §67.701(a),[4] or whether the Department notified Brown that he owed $6.32 for fulfillment of the prior right-to-know request. These omissions render Filkosky's declaration inadequate to satisfy the Department's burden of proof. *Scolforo,* 65 A.3d 1103. Thus, the OOR erred in affirming the Department's denial on the basis that Brown

---

[3] In its brief on appeal, the Department attached a final determination of the OOR dated June 9, 2016, in the matter of *Alton Brown v. Pennsylvania Department of Corrections*, Docket No. AP 2016-0832, wherein the OOR found that the Department made a menu available to Brown upon payment of copying fees. Department Brief, Exhibit A. The Department also attached an advisory opinion from the OOR dated January 12, 2016, stating that an agency may require a requester to pay costs incurred for fulfilling a records request even though the requester never retrieved the records. Department Brief, Exhibit B. These attachments are not relevant to the instant appeal, and the advisory opinion is *de hors* the record.

[4] This section states:

> (a) General rule.--Unless otherwise provided by law, a public record, legislative record or financial record shall be accessible for inspection and duplication in accordance with this act. A record being provided to a requester shall be provided in the medium requested if it exists in that medium; otherwise, it shall be provided in the medium in which it exists. Public records, legislative records or financial records shall be available for access during the regular business hours of an agency.

65 P.S. §67.701(a).

7

owed an outstanding balance on a prior right-to-know request. Accordingly, we reverse the decision of the OOR.

Because the OOR concluded that Brown owed an outstanding balance on a prior right-to-know request, it did not evaluate the merits of the Department's other bases for denying Brown's right-to-know request. Under Section 1101(b) of the RTKL, an OOR appeals officer has the obligation of determining, in the first instance, whether an agency has met its burden of proving entitlement to a statutory exemption. *See* 65 P.S. §67.1101(b).[5] Although this Court may engage in fact-finding, we decline to do so here since the OOR has not yet considered the Department's claimed exemptions under the RTKL. Therefore, we remand this matter to the OOR to evaluate the merits of the other exemptions asserted by the Department in denying Brown's right-to-know request.

The Department argues, alternatively, that this Court should revoke Brown's *in forma pauperis* status on appeal because he is an abusive litigator under Section 6602(f)(1) of the statute commonly known as the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. §6602(f)(1). Because the instant action is really "prison

---

[5] This section states, in relevant part:

> (b) Determination.--
>
> > (1) Unless the requester agrees otherwise, the appeals officer shall make a final determination which shall be mailed to the requester and the agency within 30 days of receipt of the appeal filed under [65 P.S. §67.1101(a)].
> >
> > ***
> >
> > (3) Prior to issuing a final determination, a hearing may be conducted. The determination by the appeals officer shall be a final order. The appeals officer shall provide a written explanation of the reason for the decision to the requester and the agency.

65 P.S. §67.1101(b).

conditions litigation," the Department argues, this Court should require him to pay the applicable filing fee or face dismissal of his appeal. We are not persuaded.

This Court has explained that the RTKL is to "be interpreted and applied without regard to the Requestor's identity beyond meeting the RTKL requestor definition." *Clinkscale v. Department of Public Welfare*, 101 A.3d 137, 141 (Pa. Cmwlth. 2014) (citing *Weaver v. Department of Corrections*, 702 A.2d 370, 371 (Pa. Cmwlth. 1997)). A requester's identity is irrelevant under the RTKL because "the right to examine a public record is not based on whether the person requesting the disclosure is affected by the records or if his or her motives are not pure in seeking them, but whether *any* person's rights are fixed." *Clinkscale*, 101 A.3d at 141 (quoting *Weaver*, 702 A.2d at 371) (emphasis in original). Stated otherwise, "[t]he status of the individual requesting the record and the reason for the request, good or bad, are irrelevant as to whether a document must be made accessible…." *Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 913 (Pa. Cmwlth. 2014). Thus, Brown's status as an abusive litigator is not a basis to deny him records or his statutory appeal rights under the RTKL.

For the above stated reasons, the final determination of the OOR is reversed and this matter is remanded to the OOR for consideration of the other exemptions cited by the Department.[6]

_____
MARY HANNAH LEAVITT, President Judge

Judge Cosgrove did not participate in the decision in this case.

---

[6] In light of this disposition, we need not address Brown's remaining argument that there is evidence in the record contradicting the Department's position that he owed a balance on a prior right-to-know request.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                :
          Petitioner      :
                             :
        v.               :  No. 1868 C.D. 2016
                             :
Pennsylvania Department  :
of Corrections,            :
          Respondent   :

# **O R D E R**

AND NOW, this 31st day of October, 2017, the October 21, 2016, order of the Office of Open Records is REVERSED and this matter is REMANDED to the Office of Open Records for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge