# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monique Taylor,                        :
                   Appellant    :
                                :
          v.                    :  No. 1572 C.D. 2018
                                :  Submitted: May 24, 2019
Fair Housing Commission                :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED: August 26, 2019**

Monique Taylor (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (common pleas), dated October 18, 2018. The order denied Appellant's appeal from the Fair Housing Commission's (Commission) decision, which concluded that Belltown Realty, LLC (First Landlord) and 4201 Pine Partners, LLC (Second Landlord) did not violate The Philadelphia Code[1] (Code) by terminating Appellant's lease. We now vacate common pleas' order and remand the matter with instruction to dismiss the appeal based on mootness.

The instant dispute arose when Appellant filed a complaint with the Commission on December 28, 2017, alleging that Second Landlord violated

---

[1] Phila. Pa., Code §§ 1-101 to 22-1409 (2019).

Section 9-804(1)-(2) of the Code when terminating Appellant's lease despite outstanding defects present on the premises.[2] (Commission Hr'g Transcript at 7, 43, attached to Commission's Br. as Ex. B (Commission Ex. B).) The Commission held a hearing addressing Appellant's complaint on February 28, 2018. (*Id.* at 1.) After the conclusion of the hearing, the Commission issued a final order, denying the appeal and dismissing Appellant's complaint. (Commission Final Order, attached to Appellant's Br. as App. B.) In its final order, the Commission listed the following relevant testimony elicited from the hearing:

> A. [Appellant] testified that, on or about December 19, 2003, she moved into the [apartment] located at 4201 Pine Street, Apt. 3, Philadelphia, PA 19104, [(Property)] where she still resides.
>
> B. [Appellant] testified that, since 2015, she complained to the [First] [L]andlord about repair issues in the apartment that include: pest infestation; defective

---

[2] Phila., Pa. Code § 9-804 provides, in relevant part:

(1) *Whenever any premises are found in violation of any provision of The Philadelphia Code and a notice of violation has been issued by any department or agency of the City, it shall be unlawful for any owner, landlord, agent or other person operating or managing such premises to*:

    (a) *terminate the lease* with the existing tenant unless the tenant has failed to pay rent, committed a nuisance, committed waste or caused the premises to have been in such violation under The Philadelphia Code;

    . . . .

(2) *It shall be unlawful for any owner, landlord, agent or other person operating or managing premises to terminate a lease with a tenant* or make, alter, amend or modify any term or condition of any existing lease or arrangement of tenancy with a tenant *in retaliation for*:

    (a) *any violation having been found against the premises*;

    . . . .

(Emphasis added.)

windows; and, in 2017, a collapsed ceiling in front of her apartment.

C. [Appellant] testified that the repairs made by the [First] [L]andlord were not properly made and the same repairs became an issue again.

. . . .

F. [Appellant] testified that, prior to purchasing the property, [Second Landlord personnel] also looked at her apartment, at which time [Appellant] told them about the leak in the unit.

G. [Appellant] testified that, on November 10, 2017, [Second] Landlord gave all 6 tenants in the building a letter that introduced themselves as the new landlord . . . .

. . . .

I. [Appellant] testified that, on or about November 15, 2017, [Second] Landlord gave all 6 tenants in the building a letter that stated all leases were being terminated.

J. [Appellant] testified that, on November 3, 2017, she reported the condition of the [P]roperty to the [Philadelphia] Department of Licenses and Inspections (L&I).

K. L&I issued . . . violation report[s] . . . on November 22, 2017; on December 19, 2017, . . . and, on January 26, 2018 . . . .

L. As of February 28, 2018, L&I reports show that some violations were corrected.

(*Id.* at 1-2.) In light of the testimony gleaned from the hearing, the Commission included in its final order the following relevant findings of fact and conclusions of law:

3

A. Pursuant to [Section] 9-804(2) of [t]he [Code], it is unlawful for a landlord to terminate, alter, or modify a lease in retaliation for any exercise of a legal right by the tenant.

B. While [Appellant] had exercised her legal rights, the testimony of both parties during the February 28, 2018 hearing is that within days of taking title to the property, [Second] Landlord gave every tenant in the property a notice of lease termination pursuant to the terms of their individual leases.

C. Thus, the termination of [Appellant's] lease is not retaliatory under [Section] 9-804(2) of [t]he [Code] as it was a business decision executed uniformly by [Second] Landlord and based on the terms of each tenant's individual lease.

D. In the November 15, 2017 letter to [Appellant], [Second] Landlord gave [Appellant] [forty-six] days' notice that the lease was terminating effective December 31, 2017.

E. As the lease requires [thirty] days' notice of lease termination, [Second] Landlord's November 15, 2017 notice to [Appellant] was adequate.

F. Pursuant to [Section] 9-804(1) of [t]he [Code], it is unlawful for a landlord to terminate a lease whenever a premise is found in violation of any provision of [t]he [Code] and a notice of violation has been issued by [L&I].

G. The notice of lease termination was issued from [Second] Landlord to [Appellant] on November 15, 2017 at which time there were no violations found and issued by [L&I].

H. Therefore, as violations were found and a notice of violation was issued on November 22, 2017, after the November 15, 2017 notice of lease termination, there is no unfair rental practice pursuant to [Section] 9-804(1) of [t]he [Code].

4

I.  The Commission finds no violation of [t]he [Code].

(*Id*. at 4.)  Appellant appealed from the Commission's decision on March 9, 2018. (Original Record (O.R.), Item No. 2.)  Common pleas scheduled a hearing on the appeal to be held any time after October 1, 2018.  (O.R., Item No. 10.)

Subsequent to Appellant's filing of the complaint with the Commission, Second Landlord initiated eviction proceedings against Appellant.[3]  Before common pleas conducted a hearing on the appeal of the Commission's decision, Second Landlord and Appellant entered into a settlement agreement (Agreement) as part of the eviction proceeding.  (Agreement, attached to Commission's Br. as Ex. A.)  Common pleas approved the Agreement by order dated May 9, 2018.  (Common Pleas Settlement Approval Order attached to Commission's Br. as Ex. A.)  Pursuant to the Agreement, Appellant agreed to relinquish possession of her apartment, Second Landlord agreed to vacate any municipal court judgments concerning this matter,[4] and Second Landlord agreed to return Appellant's rental deposit along with a monetary settlement of $4,000.

Thereafter, on October 18, 2018, common pleas conducted a hearing regarding the appeal of the Commission's order.  During the hearing, Appellant acknowledged having entered into the Agreement and further acknowledged that she had agreed to vacate the property.  The common pleas judge stated on the record that he was "going to deny the appeal, affirm the decision of the . . . Commission and

_____

[3] The eviction proceeding was docketed in the Court of Common Pleas of Philadelphia County as *4201 Pine Partners, LLC v. Taylor*, No. 01490 (Municipal Ct. LT # 18-02-15-4678).

[4] As part of the eviction proceeding, the parties attended a Landlord & Tenant Hearing before the Philadelphia Municipal Court on March 9, 2018, at which the judge entered judgment for Second Landlord.  (Transcript of Proceedings March 9, 2018, attached to Appellant's Br. as App. E (Appellant's App. E).)

5

find that there was no error of law by the Commission and there's also substantial evidence to support [the Commission's] decision." (Common Pleas Hr'g Transcript at 6, attached to Appellant's Br. as App. D.) Common pleas issued an order that same day, affirming the Commission's decision. (O.R., Item No. 15.) In its opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), common pleas opined that Appellant's appeal is moot and urged this Court to conclude as such because Appellant entered into the Agreement with Second Landlord, thereby dissolving any landlord-tenant relationship between the parties. (O.R., Item No. 17 at 2.) Common pleas further concluded that even if Appellant's contentions were not moot, the Commission's decision was supported by substantial evidence, the Commission did not commit an error of law, and the Commission did not violate Appellant's constitutional rights. (*Id.* at 2-3.) Appellant now appeals to this Court.

On appeal,[5] Appellant essentially has two contentions: (1) common pleas erroneously affirmed the Commission's decision because the Commission committed an error of law when it concluded that Second Landlord did not violate the Code despite Appellant's contention that multiple L&I violations existed; and (2) common pleas erroneously affirmed the Commission's decision because the Commission did not allow Appellant to submit certain evidence into the record. Second Landlord counters that Appellant's contentions are moot, because Appellant and Second Landlord have dissolved the landlord-tenant relationship pursuant to the Agreement. In the alternative, Second Landlord contends that common pleas

---

[5] Where the trial court does not take any additional evidence, our scope of review for a decision of a local agency is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 754(b).

6

correctly affirmed the Commission's decision because the Commission's findings are supported by substantial evidence.

The doctrine of mootness requires that an actual case or controversy be in existence "*at all stages of review*, not merely at the time the complaint is filed." *In re Gross*, 382 A.2d 116, 119 (Pa. 1978) (emphasis added) (quoting Gerald Gunther, Constitutional Law 1578 (9th ed. 1975)). This Court has stated that an actual case or controversy is found where the following exist:

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution. A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit. Courts will not enter judgments or decrees to which no effect can be given.

*Clinkscale v. Dep't of Pub. Welfare*, 101 A.3d 137, 139 (Pa. Cmwlth. 2014) (quoting *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004)). Our Supreme Court has also noted that "a legal question can become moot on appeal as a result of an intervening change in the facts of the case." *In re Gross*, 382 A.2d at 119.

Here, Appellant has entered into an Agreement with Second Landlord to vacate the Property in exchange for, *inter alia*, payment of a $4,000 settlement. To our knowledge, Appellant has already vacated the Property pursuant to the Agreement. All of Appellant's arguments concerning the underlying facts of this case are connected to her prior possession of the Property. Due to the fact that Appellant has already forfeited her possessory right to the Property, there is no

longer an actual case or controversy and Appellant's contentions are moot. Thus, common pleas correctly concluded in its Rule 1925(a) opinion that Appellant's appeal was moot at the time common pleas issued its order affirming the Commission's decision. As a result of the mootness of the matter, however, common pleas should not have considered the merits of the appeal.

Accordingly, we vacate common pleas' order and remand the matter to common pleas to dismiss the appeal based on mootness.

_____
P. KEVIN BROBSON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monique Taylor,          :
            Appellant    :
                      :
      v.            :   No. 1572 C.D. 2018
                      :
Fair Housing Commission   :

## **O R D E R**

AND NOW, this 26th day of August, 2019, the order of the Court of Common Pleas of Philadelphia County (common pleas) is hereby VACATED, and the matter is remanded to common pleas with instruction to dismiss the appeal as moot.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge