IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan G. Sterrett,                          :
                                            :
                    Appellant               :
                                            :
            v.                              :   No. 665 C.D. 2022
                                            :   Submitted:  February 6, 2024
Borough of Churchill and                    :
Churchill Creek Project, LLC                :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  March 11, 2024


            Susan G. Sterrett (Objector) appeals the order of the Allegheny County
Court of Common Pleas (trial court) dismissing her land use appeal as moot.  We
affirm.

            On December 7, 2020, Churchill Creek Project, LLC (Applicant) filed
a conditional use application (Application) and a land use development application
for approval to redevelop the former George Westinghouse Research & Technology
Park into an e-commerce distribution and logistics facility (Distribution Center) use
by Amazon on a parcel of property located at 1310 Beulah Road, Churchill Borough
(Borough), Allegheny County (Property).[1]  A number of hearings were conducted

_____

[1] The Property is located in the Borough's C-1 Commercial Zoning District.  Section 304-
37.1 of the Borough's Zoning Code permits a "Distribution Center" use in the C-1 Zoning District.

on the Application by the Borough's Council at which Objector appeared in opposition to the Application's approval. Ultimately, on December 21, 2021, the Borough's Council approved the Application in Resolution No. 4533 subject to a number of conditions. On January 20, 2022, Objector filed a land use appeal in the trial court challenging the Borough's determination.[2]

On May 10, 2020, Applicant notified the Council in writing that it withdrew the Application, along with the related land development application. On May 11, 2022, the next day, Applicant provided to Objector a proposed consent order and agreement, stating that the Application was withdrawn, that Council's conditional use approval is void, that Objector's statutory appeal before the trial court was withdrawn, and that the statutory appeal shall be discontinued of record by consent of the parties. Objector refused to sign the proposed consent order and agreement. *See* Trial Ct. Op., 8/23/22, at 1-2.

On May 26, 2022, Applicant filed a motion to deem Objector's statutory appeal in the trial court as moot. *See* Original Record Docket Entry (OR Dkt.) No. 15.[3] On May 31, 2022, the trial court issued an order granting Applicant's motion to deem the appeal as moot and dismissing the appeal as moot, noting that Pennsylvania courts do not render advisory opinions. *See* Trial Ct. Op., 8/23/22, at 2-3. Objector then filed the instant timely appeal of the trial court's order.[4]

---

[2] Churchill Future, a community group that was also opposed to Applicant's proposed use of the Property, filed another statutory appeal of the Council's determination to the trial court, which was docketed at a separate docket number.

[3] Also on May 26, 2022, Churchill Future filed a motion to deem its appeal moot, which the trial court granted. *See* Trial Ct. Op., 8/23/22, at 2.

[4] On June 8, 2022, Objector filed a motion for reconsideration of the trial court's order on the merits, which was further amended with the indication that she was also pursuing **(Footnote continued on next page…)**

On appeal,[5] Objector argues: (1) the trial court erred in dismissing her statutory appeal without considering any of the exceptions to the mootness doctrine; (2) the Borough's approval of the Application was impermissible under the Pennsylvania Municipalities Planning Code (MPC),[6] in applying the wrong legal standard, and Resolution No. 4533 can be cited by future parties as an applicable, albeit incorrect, standard; and (3) Council did not recognize its obligation pursuant to the Environmental Rights Amendment to the Pennsylvania Constitution (ERA)[7]

---

reconsideration of the merits order. On June 29, 2022, Objector filed this timely appeal of the trial court's May 31, 2022 merits order, and also filed a separate notice of appeal from the trial court's order denying her reconsideration motion. Thus, this Court's jurisdiction to review the trial court's merits order has been perfected. *See, e.g.*, Pa.R.A.P. 902(a) ("An appeal permitted by law as of right from a trial court to an appellate court shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Pa.R.A.P. 903 (time for appeal). A notice of appeal must be filed in each docket in which the order has been entered.").

In addition, on April 25, 2023, the Borough filed an Application to Quash Objector's appeal based on mootness and her lack of standing. By a May 16, 2023 order, this Court denied the Application to Quash and noted that the issue of standing can be addressed in Applicant's appellate brief. However, by an August 28, 2023 order, we indicated that because Applicant failed to timely file a brief, it is precluded from filing a brief or argument in this action.

[5] Because this case presents a question of law, our standard of review is *de novo* and our scope of review is plenary. *Narberth Borough v. Lower Merion Township*, 915 A.2d 626, 634 (Pa. 2007).

[6] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

[7] Pa. Const. art. I, §27. Article I, section 27 states:

> The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people.

3

to enforce provisions in the Borough Zoning Code related to clean air, and in so doing, breached its fiduciary duty pursuant to Resolution No. 4533 and the ERA.[8]

The Borough maintains that Objector's land use appeal is moot because the Application was withdrawn, rendering the Borough's approval via Resolution No. 4533 void. It argues that the mootness doctrine requires that an actual case or controversy exist at all stages in litigation, which it contends Objector does not possess. The Borough argues that, contrary to Objector's assertion, no exception to the mootness doctrine applies herein. ·The Borough underlines that the reason that Objector filed her statutory appeal ceased to exist after the Application was withdrawn.[9]

As this Court has recently explained:

> Generally, a case will be dismissed as moot if there exists no actual case or controversy. The existence of a case or controversy requires:
>
> > (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties

---

[8] For the sake of clarity, we consolidate and reorder the claims raised by Objector in this appeal on the six-page Statement of Questions Involved portion of her appellate brief. *See* Pa.R.A.P. 2116(a) ("The statement of questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail."); Pa.R.A.P. 2116 *Note Paragraph (a)* ("Although the page limit on the statement of question involved was eliminated in 2013, verbosity continues to be discouraged. The appellate courts strongly disfavor a statement that is not concise.").

[9] The Borough also argues that Objector lacks standing because she no longer owns the property within the Borough that gave rise to her standing to challenge the Application. Objector counters that she merely moved her residence within the Borough.

4

so as to sharpen the issues for judicial resolution.

A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a "personal stake in the outcome" of the lawsuit.

An exception to mootness will be found where (1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination. It is within the court's discretion to decide "substantial questions, otherwise moot, which are capable of repetition unless settled."

*Sunoco Pipeline, L.P v. Public Utility Commission*, 295 A.3d 37, 51-52 (Pa. Cmwlth. 2023) (citations omitted).

With regard to the first of the foregoing exceptions, we have observed:

Where the first exception is concerned, an issue is capable of repetition but will likely evade review where "the duration of the challenged action [is] too short to be fully litigated prior to its cessation or expiration; and . . . there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Clinkscale* [*v. Department of Public Welfare*, 101 A.3d 137, 139-40 (Pa. Cmwlth. 2014)] (alterations in original); [*Philadelphia Public School*] *Notebook* [*v. School District of Philadelphia*, 49 A.3d 445, 449 (Pa. Cmwlth. 2012)]. One such situation existed in *Philadelphia Public School Notebook*, where this Court found that the issues presented in the case were moot but would evade judicial review in the future.

*Driscoll v. Zoning Board of Adjustment of City of Philadelphia*, 201 A.3d 265, 269 (Pa. Cmwlth. 2018) (footnotes omitted). In addition, "[w]here the parties may avail themselves of an appeals process, this Court has held that although the issues underlying the appeal may be likely to recur, the issues are not likely to escape

5

judicial review." *Id.* at 270 (citations omitted). Thus, for this exception to apply, "[t]here must be more than a theoretical possibility of the action occurring against the complaining party again; it must be a reasonable expectation or a demonstrated probability." *R.M. v. Secretary of the Pennsylvania Department of Education Noe Ortega* (Pa. Cmwlth., No. 49 M.D. 2022, filed December 1, 2022), slip op. at 15, *aff'd*, 303 A.3d 714 (Pa. 2023) (citation omitted).[10]

In addition, with regard to the second exception, we have stated:

> This Court has [also] noted that the public importance exception is very rarely applied. *Harris v. Rendell*, 982 A.2d 1030, 1037 (Pa. Cmwlth. 2009), *aff'd*, [992 A.2d 121 (Pa. 2010)]. "It is only in very rare cases where exceptional circumstances exist or where matters or questions of great public importance are involved, that this [C]ourt ever decides moot questions." *Id.* (*quoting Wortex Mills, Inc. v. Textile Workers Union of Am*[*erica*, 85 A.2d 851, 857 (Pa. 1952))].

*Driscoll*, 201 A.3d at 271. As a result, "the public importance exception is very rarely applied, and, where it is applied, the cases involve concrete harm to society." *Id.* at 272.

As outlined above, Objector's assertion that any of the foregoing rarely invoked exceptions apply is patently without merit. There is absolutely no demonstration that Objector is currently suffering any concrete injury as a result of the now-void Resolution No. 4533. Moreover, should this issue require redress in the future, there is nothing to prevent Objector from again seeking relief before both the Borough's Council and the trial court in another statutory appeal. In addition, there is absolutely no indication that Objector herself, or any subsequent objector,

---

[10] *See* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

6

will ever be injured by Applicant in the same manner again. As a result, the first exception to the mootness doctrine does not apply because "the duration of the challenged action [is not] too short to be fully litigated prior to its cessation or expiration; and . . . there is [not] a reasonable expectation that the same complaining party will be subjected to the same action again." *Clinkscale*, 101 A.3d at 139-40 (alterations in original).

Likewise, there is no indication that the "very rarely applied" public importance exception is applicable herein. *Driscoll*, 201 A.3d at 271. Although the underlying legal issues are unquestionably important, there is no present "concrete harm to society" that will occur because the trial court refused to grant the requested relief regarding Resolution No. 4533. *Id.*

Finally, none of the parties will "suffer some detriment" based on the trial court's determination that this matter is moot or in our affirmance of its order. Instead, as noted above, should anyone file a new application for a "Distribution Center" conditional use on the Property, the same objections may be raised in the new proceedings before the Borough's Council and in a subsequent new statutory appeal before the trial court. In short, any determination as to the legal questions that have been presented in this case would be advisory, and any judgment or decree that we issue in this matter between the named parties could not be given any effect based on the withdrawal of the Application.[11]

---

[11] *See also Gulnac v. South Butler County School District*, 587 A.2d 699, 700-01 (Pa. 1991), wherein the Pennsylvania Supreme Court explained:

> Once the trial court held that [the a]ppellees had no standing to seek injunctive relief against the striking teachers, an issue not presently before us, it becomes moot whether, in the abstract, the teachers had a theoretical right to strike under our Constitution. It was

**(Footnote continued on next page…)**

Accordingly, the trial court's order is affirmed.[12]

_____

MICHAEL H. WOJCIK, Judge

unnecessary to reach the constitutional issue and by doing so, the trial court rendered an advisory opinion which our courts are not entitled to do. The trial court's decision on standing ended this case. The complaint should have been dismissed. In not doing so, the trial court improperly reached to decide a constitutional issue and then decided it in a vacuum where it would have no practical effect on the parties. This was error, and a waste of judicial resources. This Court routinely attempts to avoid deciding cases on the basis of broad constitutional issues if at all possible and our trial courts should adhere to the very same principle. Ordinarily, the granting of a petition for a declaratory judgment is a matter lying within the sound discretion of a court of original jurisdiction. There was an abuse of that discretion here. The presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be of practical help in ending the controversy are essential to the granting of relief by way of declaratory judgment. Further litigation was impossible here because the court held that [the a]ppellees lacked standing to pursue it and that determination ended the controversy, rendering the declaratory judgment superfluous and academic only.

(Citations and footnote omitted.)

[12] Based on our disposition regarding mootness, we will not address any of Objector's claims regarding the merits of Resolution No. 4533 or the Borough's assertion that she lacks standing to prosecute the instant appeal.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan G. Sterrett,                            :
                                              :
                          Appellant           :
                                              :
            v.                                : No. 665 C.D. 2022
                                              :
Borough of Churchill and                      :
Churchill Creek Project, LLC                  :


# **O R D E R**


AND NOW, this 11ᵗʰ day of March, 2024, the order of the Allegheny County Court of Common Pleas dated May 31, 2022, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge