# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Virtus Capital Advisors, LLC :
and Steven Gidumal, :
                   Petitioners :
                                 :
           v. : No. 1272 C.D. 2024
                                 :
Department of Environmental :
Protection, Department of :
Transportation, Delaware :
Riverkeeper Network, and :
The Delaware Riverkeeper :
(Environmental Hearing Board), :
                 Respondents : Submitted: May 12, 2026


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                    FILED: June 5, 2026


       Virtus Capital Advisors, LLC and Steven Gidumal (collectively "Gidumal") petition this Court for review of an August 27, 2024 adjudication of the Environmental Hearing Board (Board) that upheld the issuance of a water obstruction and encroachment permit (Permit) issued September 29, 2021, by the Department of Environmental Protection (DEP) to the Department of Transportation (PennDOT). The Permit authorized the demolition and reconstruction of Headquarters Road Bridge in Tinicum Township, Bucks County. Also before this Court is DEP's Motion to Dismiss Petition for Review for Mootness (Application to

Dismiss). Concluding that this case is moot following the expiration of the Permit, and that this matter does not fall within one of the limited exceptions to the mootness doctrine, we grant DEP's Application to Dismiss and dismiss Gidumal's Petition for Review.

## I. Background

Headquarters Road Bridge was constructed in 1812 and spans Tinicum Creek in Tinicum Township, Bucks County. On May 21, 2020, PennDOT applied to DEP for a permit authorizing the removal of Headquarters Road Bridge, which has been closed to vehicles and pedestrians since 2011, and the construction of a replacement bridge due to significant deterioration and resulting safety concerns. DEP issued PennDOT the Permit on September 29, 2021. Gidumal, whose property borders Tinicum Creek, appealed DEP's grant of the Permit to the Board on November 15, 2021. Through the appeal, Gidumal primarily argued that PennDOT does not own or have the right to occupy the land required to complete the demolition reconstruction, as such activities would encroach on part of his property. Board Adjudication at 50. Gidumal also argued that PennDOT's plan for the bridge reconstruction violated several DEP regulations relating to safety and environmental impacts. *Id.* at 51-52 (citing 25 Pa. Code §§ 105.161(a)(2), 105.14(b)(1), (3), (5), (12)).

The Board issued a decision on August 27, 2024, rejecting Gidumal's arguments and upholding DEP's issuance of the Permit. As to the land ownership dispute, the Board quoted this Court's opinion in *Gidumal and Virtus Capital Advisors, LLC v. Department of Transportation (State Board of Property)* (Pa. Cmwlth., No. 518 C.D. 2023, filed July 19, 2024), and concluded that "property disputes between Gidumal and PennDOT are immaterial to [the Board's] review of

2

the [Permit]." *Id.* at 51. As to the safety and environmental impacts, the Board found that there was "no credible evidence that the new bridge is likely to create any threat or hazard to life or property." *Id.* at 52. Gidumal filed a Petition for Review in this Court on September 26, 2024. While the Petition for Review was pending, PennDOT's Permit expired on December 31, 2024. On March 26, 2025, DEP filed the Application to Dismiss, arguing that the expiration of the Permit rendered Gidumal's appeal moot.

## II. Analysis

### a. Mootness

Before we can reach the merits of Gidumal's appeal, we must determine whether the appeal has been rendered moot by the expiration of the Permit, as DEP contends.

The mootness doctrine "requires that an actual case or controversy be in existence 'at all stages of review, not just merely at the time the complaint is filed.'" *Driscoll v. Zoning Bd. of Adjustment of City of Phila*, 201 A.3d 265, 268 (Pa. Cmwlth. 2018) (quoting *In re Gross*, 382 A.2d 116, 119 (Pa. 1978)). An actual case or controversy exists when the following are present:

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution. A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit. Courts will not enter judgments or decrees to which no effect can be given.

3

*Id.* (quoting *Clinkscale v. Dep't of Pub. Welfare*, 101 A.3d 137, 139 (Pa. Cmwlth. 2014)). Our Supreme Court has observed that a legal question may "become moot on appeal as a result of an intervening change in the facts of the case." *Gross*, 382 A.2d at 119.

DEP submits that the Permit expired on December 31, 2024, and it did not receive an application from PennDOT to renew or extend its terms beyond that expiration date. By its own terms, the Permit states that "**[i]f the work authorized by this permit is not completed on or before 12/31/2024, this permit, if not previously revoked or specifically extended by the Department in writing, shall become void without further notification.**" Reproduced Record (R.R.) at 53a (emphasis in original). DEP notes that this Court has consistently held that when a DEP action that has been appealed to the Board no longer exists, the matter is moot. *See* Application to Dismiss ¶ 17 (citing *Consol Pa. Coal Co. v Dep't of Env't Prot.*, 129 A.3d 28, 41 (Pa. Cmwlth. 2015); *Horsehead Res. Dev. Co. v. Dep't of Env't Prot.*, 780 A.2d 856, 859-60 (Pa. Cmwlth. 2001), *appeal denied*, 796 A.2d 987 (Pa. 2002)). As such, DEP contends there is no live controversy for this Court to decide.

Gidumal responds that the expiration of the Permit does not moot this case, as the issues raised in his appeal go beyond the Permit. Specifically, he asserts that his appeal concerns "the general power of DEP to issue permits based (at least in part) on false, incomplete, or inaccurate information, and its responsibility to evaluate the credibility of the assertions presented to it by an applicant seeking a permit." Gidumal's Reply Br. at 3. He maintains that "PennDOT's decision to table its plan does not render [his] entire case moot, as a real legal controversy that affects [him] in a concrete matter persists between the parties." *Id.* at 4.

4

We agree with DEP that the expiration of the Permit renders this matter moot. Gidumal challenged the Permit that authorized PennDOT to perform activities that he maintained affected his property and property rights. The Permit's expiration eliminates any of those claimed impacts, and along with it, any controversy between Gidumal and DEP. A ruling by this Court at this stage would amount to merely an advisory opinion, as a reversal of the Board's decision—the relief Gidumal requests—would have no legal effect. It would simply invalidate a Permit that has already been voided by operation of law. *See* R.R. 53a. For these reasons, we conclude that Gidumal's appeal is moot.

### b. Exceptions to Mootness

While the matter is moot, there are limited exceptions to the mootness doctrine when (1) the conduct complained of is capable of repetition yet evading review, or (2) involves questions important to the public interest, or (3) will cause one party to suffer some detriment without the Court's decision." *Driscoll*, 201 A.3d at 269. We address each exception in turn.

As to the first exception: "an issue is capable of repetition but will likely evade review where 'the duration of the challenged action [is] too short to be fully litigated prior to its cessation or expiration; and . . . there is a reasonable expectation that the same complaining party will be subjected to the same action again.'" *Id.*

Gidumal argues that the conduct at issue here is capable of repetition and may evade review because dismissing this matter as moot will cause other government agencies to be "emboldened to rely on false, incomplete, or inaccurate information in the permit application process." Gidumal's Reply Br. at 4. Gidumal argues that in turn, DEP will be empowered to issue permits based on false, incomplete, or inaccurate information and will be under no obligation to assure that

5

the information being supplied by permit applicants is true. *Id.* DEP submits that in the event a new permit issues for the same or similar activities authorized by the expired Permit, any aggrieved party could appeal that new permit to the Board through the administrative process, and if necessary, to this Court. *See* Section 4(a) of the Environmental Hearing Board Act, Act of July 31, 1988, P.L. 530, 35 P.S. § 7514(a).

We agree with DEP that the circumstances of this matter do not trigger the first exception to the mootness doctrine. Initially, we note that it appears Gidumal's issues are not capable of repetition, as the property dispute between Gidumal and PennDOT has been litigated in other cases that have come before this Court, with PennDOT ultimately coming to own the easements that Gidumal asserts it falsely claimed to own in its permit application to DEP.[1] *See* Petition for Review ¶¶ 3-4. Moreover, even if Gidumal took issue with a future permit granted to PennDOT related to the bridge project, challenges to that permit would not avoid judicial review. If PennDOT were to apply for and be issued a permit under circumstances similar to the Permit challenged in the instant action, any aggrieved party, including Gidumal, could appeal the issuance of such permit to the Board.

---

[1] The underlying property dispute was litigated in two separate cases: in one, Gidumal filed a quiet title action before the Board of Property to challenge easements on his property to which PennDOT claimed ownership. Gidumal claimed to lack notice of such easements as PennDOT had not recorded its easements prior to his purchase of the property from foreclosure in 2020. In a separate case, PennDOT sought to, and did, acquire the easements by way of a declaration of taking. As PennDOT acquired the easements by its declaration of taking prior to the resolution of the dispute before the Board of Property, the Board of Property deemed the quiet title action moot. *See Gidumal and Virtus Capital Advisors, LLC v. Dep't of Trans. (State Board of Property)*, (Pa. Cmwlth. No. 518 C.D. 2023, filed July 19, 2024), *appeal denied*, 333 A.3d 649 (Pa. 2025) and *In re Dep't of Trans.*, (Pa. Cmwlth. No. 1284 C.D. 2023, filed July 19, 2024), *appeal denied*, 333 A.3d 648 (Pa. 2025).

Because the statutory review process ensures that any future permit challenges would be heard, the issues present in this matter would not evade review.

The second mootness exception applies to matters concerning great public importance. We have stated that the "public importance exception is very rarely applied" and only implicated in "exceptional circumstances." *Driscoll*, 201 A.3d at 271 (quoting *Harris v. Rendell*, 982 A.2d 1030, 1037 (Pa. Cmwlth. 2009)). Previously, the exception has applied in circumstances such as "loss of educational subsidies for public schools, impacts on citizens' ability to register to vote," and "higher prices for public transportation." *Id.* at 272.

Here, Gidumal attempts to argue widespread implications to what he alleges are procedural shortcomings in the issuance of the Permit and the Board's adjudication affirming such issuance. While he attempts to frame this as a matter of public importance, we conclude that it is a discrete issue relating specifically to the now-expired Permit's effects on Gidumal's property and his claimed property rights. Gidumal's argument that DEP will grant future permits based on "false, incomplete or inaccurate" information in the future is simply speculative. Petitioner's Brief at 26. Simply put, this matter does not rise to the level of public importance necessary to implicate the rarely-used public importance exception to the mootness doctrine.

Finally, this Court will review technically moot cases if a party "would suffer detriment without a decision from this Court." *Chruby v. Dep't of Corr.*, 4 A.3d 764, 771 (Pa. Cmwlth. 2010). Gidumal argues that he will be detrimentally impacted if this Court does not reach a decision on the merits of his Petition. In support, he contends he will:

> continue to face the possibility that PennDOT (or another
> governmental organ) will attempt to demolish the historic
> single-lane Headquarters Road Bridge (the "Bridge") and

7

> threaten similar harm to the natural environment in Tinicum Creek and to [Gidumal's] adjoining property. If the Court does not make clear that DEP may not issue permits based, at least in part, on false, incomplete, or inaccurate information, [Gidumal] will face an uphill battle under the [Board's] wrongful precedent in any future challenges[.]

Petitioner's Reply Brief at 6. DEP asserts that Gidumal will suffer no detriment if this Court does not reach a decision on the merits, as the Permit is expired and void. Simply put, PennDOT's project cannot be carried out and the harms that Gidumal alleges the permit would cause to his property and property interests cannot occur. We agree with DEP. Aside from speculation about potential future projects related to Headquarters Road Bridge, Gidumal has not identified any detriment he would suffer if *this* case is dismissed as moot. Accordingly, we find that the third exception to the mootness doctrine is not present here.

### III. Conclusion

For the foregoing reasons, DEP's Application to Dismiss is granted and Gidumal's Petition for Review is dismissed as moot.[2]

_____
MATTHEW S. WOLF, Judge

---

[2] In his answer to the Application to Dismiss, Gidumal contends that DEP was dilatory in filing the Application to Dismiss three months after the Permit's expiration and seeks attorney's fees under Pennsylvania Rule of Appellate Procedure 2744. Pa.R.A.P. 2744 (authorizing attorney's fees for dilatory, obdurate or vexatious conduct). We are unpersuaded that DEP was dilatory in filing the Application to Dismiss and decline to impose attorney's fees.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Virtus Capital Advisors, LLC    :
and Steven Gidumal,       :
       Petitioners  :
            :
     v.       :  No. 1272 C.D. 2024
            :
Department of Environmental   :
Protection, Department of    :
Transportation, Delaware    :
Riverkeeper Network, and    :
The Delaware Riverkeeper    :
(Environmental Hearing Board),  :
       Respondents :

# **O R D E R**

   AND NOW, this 5th day of June 2026, the Department of Environmental Protection's Motion to Dismiss Petition for Review for Mootness is GRANTED and the Petition for Review is DISMISSED.

_____
MATTHEW S. WOLF, Judge
